HENRY M. BROWN V. SAMUEL H. RICE ET AL.

[FILED SEPTEMBER 17, 1890.]

1. Jurisdiction: SPECIAL APPEARANCE TO CHALLENGE. In an action under sections 51 and 77 of the Code of Civil Procedure where service was by publication, and the plaintiff's affidavit omitted to state that the defendants, or some of them, resided out of the state, *held*, that it was competent for the defendant to appear specially in support of a motion challenging the jurisdiction of the court, or to quash a juridical paper without further appearing as a defendant in the case. (*Porter v. Chicago & N. W. R. Co.*, 1 Neb., 14; *Cleghorn v. Waterman*, 16 Id., 226.)

2. Final Order. A ruling of the court sustaining the defendant's motion to quash the service against him by publication, without a judgment of record, is not such a final order determining the plaintiff's rights of action as will be reviewed on error. (*Brown v. Edgerton*, 14 Neb., 453.)

ERROR to the district court for Madison county. Tried below before CRAWFORD, J.

*William V. Allen*, for plaintiff in error:

All objections to jurisdiction must be made by the party in person and cannot be raised by counsel. (1 Bouvier, L. D., title "Appearances;" 1 Chitty, Pleadings [10th Am. Ed.], 428 ; *Knox v. Summers*, 3 Cranch [U. S.], 496.) The tendency of this court's holdings has been against special ap-

pearances. (Maxwell, Just. Pr., 90.) The motion sought to call into exercise the power of the court to reconsider its judgment as to the service, and this made the appearance a general one. (*Cropsey v. Wiggenhorn*, 3 Neb., 108; *Crowell v. Galloway*, Id., 220; *Porter v. R. Co.*, 1 Id., 14; *Johnson v. Jones*, 2 Id., 136; *Kane v. People*, 4 Id., 512; *Newlove v. Woodward*, 9 Id., 504; *White v. Merriam,* 16 Id., 96; *Warren v. Dick*, 17 Id., 246; *Marsden v. Soper*, 11 O. St., 503.) The affidavit, while perhaps incomplete, is not void. (*Fulton v. Levy*, 21 Neb., 481; *Britton v. Larson*, 23 Id., 806.)·

*Wigton & Whitham, contra:*

An appearance for the purpose of objecting to jurisdiction is not a general one. (*Cleghorn v. Waterman*, 16 Neb., 226; *Crowell v. Galloway*, 3 Id., 220.) The affidavit is defective in not alleging that defendant is a non-resident. (*Atkins v. Atkins*, 9 Neb., 200; *Fulton v. Levy*, 21 Id., 482; *Britton v. Larson*, 23 Id., 806.)

Cobb, Ch. J.

The plaintiff in error exhibited his petition in the district court of said county against the defendants Rice and his wife, and Mary J. Brown, the petitioner's wife, setting up that on September 30, 1875, he purchased the west half of the southeast quarter of section 30, township 22, range 4 west, in said county, for $400, the fee simple title to which, "to pacify his wife," was conveyed to her, in trust, for his use and benefit; that on April 16, 1878, she mortgaged the land to defendant Rice to secure her note of that date to him for $79, due in sixty days, bearing twelve per cent interest; that on January 20, 1879, the mortgage was foreclosed against her in said court and the land sold to the mortgagee and judgment creditor, and sheriff's deed made to him June 7, 1889, and that he had

since paid taxes thereon of $58.42. The plaintiff seeks to redeem the land of the mortgage, interest, and costs, and the subsequent taxes, and to quiet his title.

Mesne process was not served on the parties, but on November 25, 1885, the plaintiff's attorney filed his affidavit for service by publication, stating "that service of the summons in this case cannot be made within the state on the said defendants or either of them, and that this is one of the cases mentioned in section 77 of the Code of Civil Procedure." Accordingly it was ordered "that service upon the defendants be made by publication in the manner required by law." Notice to the defendants by publication was given, dated November 27, 1885, and proof of publication in the Madison *Chronicle*, a weekly newspaper printed and published in said county, and of general circulation therein, for four consecutive weeks, was made March 9, 1886, and on the same day default was taken and entered in open court against the defendants.

On March 25, and subsequently on November 28, 1887, the defendants being still in default, it was ordered that the petition be taken as confessed; that the sale of the land to defendant Rice, and the sheriff's deed to him, be set aside and canceled; that the petitioner's title to the land be restored and quieted, and he be permitted to redeem the same from the foreclosure and sale, and for that purpose a referee was appointed to ascertain what mortgage and tax liens existed against the land, from which the plaintiff should be required to redeem, and the case was continued for further hearing on the referee's report.

On October 8, 1888, the defendant Rice appeared, by his attorneys, specially for the purposes of his motion only, and moved to quash the service by publication on him for the reasons:

First—That the affidavit for service by publication is not sufficient in law to authorize such service, in that it fails to state that this defendant is, or was at the making

or filing of the affidavit, a non-resident of the state of Nebraska.

Second—That this defendant is, and ever since the commencement of this action, and the filing of the petition, has been, a resident of this state, and service of summons could at any time have been had upon him in this state, as shown by the affidavit of defendant in support of the motion, and which motion upon hearing was sustained by the court, and to which the plaintiff excepted.

On October 11, 1888, the plaintiff filed a motion for a new trial:

First—Because the decision is contrary to law.

Second—Because of error of law occurring at the trial.

Third—Because the court erred in sustaining the special appearance, and in setting aside the judgment, entered in this case.

Fourth—Because the question raised by the special appearance adheres and passed into the judgment, and the defendant's remedy was a motion or petition for a new trial.

This motion for a new trial was overruled, to which the plaintiff excepted.

The plaintiff in error assigns in his petition as causes for review:

First—That the court erred in sustaining the special appearance of defendant Rice, and in setting aside the service and judgments made and entered in the cause.

Second—That the court erred in making a final order setting aside, for want of jurisdiction, the judgment, entered in the cause.

The first question presented on the record, is that of the sufficiency of service on the defendant Rice by publication of notice. The action was brought under the first clause of section 51 of the Code, "for the recovery of real property, or of an estate, or interest therein." Constructive service is provided for by publication in actions brought

under section 51, by the first clause of section 77, "where any or all of the defendants reside out of the state."

The affidavit required to be made under section 78, before service can be had by publication, stating that service of a summons cannot be made within this state on the defendants, and that they, or some of them, reside out of this state, omitted the last material fact, and its sufficiency was traversed by the defendant Rice, without denial by the plaintiff. On the special appearance and motion of the defendant, for that purpose only, the service by publication was set aside. That it was competent for the defendant to appear specially at any stage of the proceedings, in open court, in support of a motion which directly challenged the jurisdiction of the court, or quashed a juridical paper, without making any further appearance as a defendant, is not doubted. It was so held in the case of *Porter v. Chicago & Northwestern Railroad*, 1 Neb., 14, and in *Cleghorn v. Waterman*, 16 Neb., 226, which have not been overruled or modified, and which are adhered to.

The second error assigned, that the court erred in making a final order setting aside the judgment, for the want of jurisdiction, does not appear, in fact, in the record. No judgment in form, or final order, is to be found in the record before us affecting the plaintiff's rights or determining the action in the court below, not even a judgment for the defendant's costs which may be supposed to have followed the motions to quash the service, and for a new trial. (See *Brown v. Edgerton*, 14 Neb., 454.) Both the plaintiff and his petition, so far as the record shows, are *recti in curia*, where the case may be still pending.

There seems to be nothing in second error to be reviewed, reversed, or affirmed, and the petition in error will be

DISMISSED.

THE other judges concur.