F. M. PERSINGER v. L. TINKLE.

[FILED FEBRUARY 17, 1892.]

**Final Order:** QUASHING SUMMONS NOT. The decision of the district court, sustaining the defendant's motion to quash the service of summons made upon him, is not such a final order as can be reviewed by the supreme court on error, until a final judgment is rendered.

ERROR to the district court for Platte county. Tried below before POST, J.

*Lee & Thompson,* and *Sullivan & Reeder,* for plaintiff in error.

*M. Whitmoyer,* and *I. L. Albert, contra,* cited, contending that the order was not final, *Welsh v. Calhoun,* 22 Neb., 166.

NORVAL, J.

This action was brought in the court below by the plaintiff in error to recover the sum of $1,604 and interest as damages for the wrongful conversion by the defendant of a quantity of dry goods. A summons in regular form was issued by the clerk of the district court, which contained the indorsement of the amount for which plaintiff would take judgment if the defendant failed to appear. The writ was placed in the hands of the sheriff, who returned that he served the same by delivering to the defendant personally a copy thereof, with all the indorsements thereon. Subsequently the defendant appeared specially for the purpose of challenging the jurisdiction of the court to render judgment against him for any sum, for the reason that the copy of the summons served upon and delivered to the defendant contained no indorsement of the amount for which plaintiff asked judgment. Before the court ruled

upon the defendant's challenge to the jurisdiction, the plaintiff, upon his own behalf, as well as on behalf of the sheriff, moved the court for leave to the sheriff to amend the copy of the summons served upon the defendant, by making the indorsements thereon conform to the indorsements on the original summons, which motion was overruled and an exception taken. The objections to the jurisdiction of the court were sustained, and the service of the summons quashed.

Two errors are assigned:

1. In denying the motion of the plaintiff for leave to the sheriff to amend the copy of the summons left with the defendant.

2. In sustaining the challenge to the jurisdiction.

It is claimed by the defendant in error that, in the absence of a final judgment in the case, the orders complained of cannot be reviewed on error, because they are not final. We think the position is well taken. The statute has conferred jurisdiction upon the supreme court to review by proceeding in error a judgment rendered or final order made by the district court. (Code, sec. 582.) By section 581 of Civil Code, a final order is defined to be "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment." Clearly neither of the rulings sought to be reviewed fall within the above definition of a final order. They were not made in a special proceeding, nor upon a summary application in an action after judgment. Neither of the orders of the district court had the effect to determine the action and prevent a judgment, although the final disposition of the cause was thereby postponed. The order quashing the service was the last order made in the case by the district court, so far as the record before us discloses. There has been no final disposition of the case, but the

action is still pending in the lower court. There is nothing to prevent the plaintiff from having an alias summons issued and served upon the defendant and a final judgment rendered against him on the merits. In the absence of a judgment finally disposing of the case, this court has no authority or jurisdiction to act.

In *Brown v. Edgerton*, 14 Neb., 453, it is ruled that an order vacating a judgment during the term at which it was rendered is not a final order, and is not reversible on error.

In *Artman v. West Point Mfg. Co.*, 16 Neb., 572, it is held that the setting aside of the verdict of a jury and granting a new trial is not a final order.

In *Aspinwall v. Aspinwall*, 18 Neb., 463 an order awarding alimony *pendente lite*, it is held cannot be reviewed on appeal or error before a decree granting or refusing a divorce.

In *Brown v. Rice*, 30 Neb., 236, it is held that the decision of the district court in sustaining the defendant's motion to quash the service against him by publication is not such a final determination of the plaintiff's right of action as can be reviewed on error.

It follows that we have no jurisdiction of the case, and the petition in error is

DISMISSED.

MAXWELL, CH. J., concurs.

POST, J., having presided in the district court, did not offer an opinion.