## PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS *vs.* AH UN.

APPEAL FROM DISTRICT COURT OF HONOLULU.

HEARING, JUNE 26, 1893.                    DECISION, JULY 17, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

There is no appeal to the Supreme Court from a decision of a District Magistrate denying a motion to discharge the defendant charged with an offense within the summary jurisdiction of the Court,—no final judgment having been rendered.

OPINION OF THE COURT, BY JUDD, C.J.

The defendant in this case was charged in the District Court of Honolulu with the offense of conducting a lottery, which is within the summary jurisdiction of that court. He pleaded not guilty, and then moved to be discharged on the ground that the law under which he was charged was not in force when the act was alleged to have been committed. The magistrate denied the motion, and without further proceedings the defendant appealed to this Court. The matter was

submitted to us on briefs. The Attorney-General contends that as no final judgment was rendered by the magistrate, an appeal does not lie to this Court on the points of law raised. We believe this contention is right. We cannot find any authority in our statutes or in reason for allowing appeals from interlocutory or provisional rulings of a district court. It would be intolerable to allow such a procedure. For then a party in any case, civil or criminal, could take an appeal on one ruling upon the first plea which might be made, and the case would be tied up till it could be heard by the Supreme Court. If the judgment of the Supreme Court should be adverse to the appellant, the case would go back to the district court where decisions upon further pleas or motions or objections to the introduction of evidence might be made the subject of further appeals to be heard seriatim by the Supreme Court, and thus the case vibrate back and forth between the courts and the proceedings be interminable.

"An appeal only lies from a final judgment or some decree affecting substantial rights and equivalent thereto." 1 Am. & Eng. Encyclo. of Law, p. 617 and cases cited. "An appeal like a writ of error is generally confined to a final judgment. It cannot be taken, unless expressly authorized by statute, from a judgment merely interlocutory or provisional." Hilliard, New Trials, p. 568 and cases cited. It has been the unquestioned practice for years not to allow appeals of the character of the one now before us, and we prefer to adhere to it.

We therefore dismiss the appeal and send the case back to the District Court for further proceedings.

*Attorney-General W. O. Smith,* for the prosecution.

*A. S. Hartwell,* for defendant.