[No. 2634. Decided May 2, 1898.]

PRUSSIAN NATIONAL INSURANCE COMPANY, OF STETTIN, GERMANY, *Respondent*, v. NORTHWEST FIRE AND MARINE INSURANCE COMPANY OF PORTLAND, OREGON, *Appellant*.

APPEALABLE ORDER — GARNISHMENT — MOTION TO QUASH.

An order overruling a motion to quash a service of summons is not such a final order as determines the action, and hence is not appealable.

Where an action is brought in this state against an insolvent foreign corporation, for which a receiver has been appointed in a foreign jurisdiction, to whom all its assets have been assigned, and a writ of garnishment has been issued against a resident debtor of the corporation to recover upon a note and mortgage, such corporation cannot by special appearance move to quash the writ of garnishment, as whatever interest it has in the mortgage debt may be asserted in conjunction with the defense to the garnishment set up by the payors of the note.

Appeal from Superior Court, Thurston County.—Hon. CHARLES H. AYER, Judge. Affirmed.

*Haight & Owings,* for appellant.
*Murray & Christian,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Appellant was a corporation organized under the laws of Oregon. Its business was that of fire and marine insurance. In January, 1895, it filed its petition in an Oregon court to wind up its affairs and distribute its assets among its creditors as an insolvent corporation. A receivership was prayed for, and a decree dissolving the corporation and directing the settlement of its business and the distribution of its property. An order was made appointing a receiver and directing the company to transfer in proper form all its property, real and personal, to the receiver, so as to vest the title in him. The transfer was made with the consent of the company, the purpose stated being to protect all its creditors. The transfer was duly approved by the court. Among the assets so assigned was a note of $8,000 secured by a mortgage on real property in Seattle. The note, among other securities, was held by the state treasurer of Washington for security of the policy holders in this state, and to enable appellant to transact business here according to the laws of the state. A notice of the assignment was given to the state treasurer on the

20th of December ,1895.  December 21, 1895, an action was instituted by Thomas Shaw, on behalf of himself and all others interested, against appellant and its receiver and the state treasurer of Washington in the superior court of Thurston county, for the purpose of disposing of the assets deposited with the treasurer to secure policy holders and ascertaining the indebtedness secured thereby.  A decree was entered fixing such liabilities and directing the transmission of the note and mortgage to the Oregon receiver, which was done about December 21 or 23, 1895.

The plaintiff in this action is a corporation organized under the laws of Germany.  It filed its complaint in the superior court, alleging that appellant was indebted to it on a balance due on re-insurance contracts.  Summons was served upon the appellant by delivering a copy to its attorney appointed and acting for appellant to accept service of process under the laws of this state.  Upon affidavit made in behalf of plaintiff (respondent) a writ of garnishment was issued and served upon the payors of the $8,000 promissory note above mentioned at their residences in Seattle. The garnishees appeared and answered denying any indebtedness to appellant.  Respondent controverted the answer of the garnishees.  Appellant then specially appeared and moved to quash the service of summons made by respondent upon the attorney of appellant, and also specially appeared and moved to quash the writ of garnishment issued and served upon the payors of the promissory note, and by affidavits filed in the superior court substantially set out the facts hereinbefore stated.  The superior court overruled the motion to quash the service of summons and also the motion to quash the writ of garnishment, from both of which orders appellant appealed.  Respondent moves to dismiss the appeal from each order, on the ground that they are not appealable.  We think the motion to dismiss the appeal on

the order refusing to quash the summons must be granted. It is not such a final order as determines the action.

Upon the facts stated by appellant the receiver appointed for appellant by the Oregon court has the rightful possession of the $8,000 promissory note, the amount of which had been garnished. We do not decide here whether the special appearance made by appellant in the motion to discharge the writ of garnishment is an appearance in the action as required by § 5376, Ballinger's Code (Code Proc. §318). But appellant's interest, whatever it may be, in the possession and realization upon the $8,000 note is identical with the receiver's and a defense to the garnishment of the payors of the note can be made in conjunction with the garnishees. We can see no reason for the special appearance and motion made by appellant in the superior court. The order of the superior court refusing to grant the motion to quash the writ of garnishment made by appellant is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.