[No. 4696.   Decided July 30, 1903.]

F. M. POWELL, *Respondent*, v. SUSIE A. NOLAN *et al.*, *Respondents*, and JAMES NOLAN, *Appellant*.

APPEAL — FINAL ORDERS.

An order denying a motion to quash the service of a summons is not a final order or one that in effect determines the action, and is not appealable.

Appeal from Superior Court, Spokane County.   Hon. GEORGE W. BELT, Judge.   Appeal dismissed.

*Gleeson & Stayt*, for appellant.

*Danson & Huneke, John A. Peacock* and *Stephens & Bunn*, for respondents.

The opinion of the court was delivered by

MOUNT, J.—This is an appeal from an order denying a motion, made upon special appearance, to quash a service

of summons.    Respondents moved to dismiss the appeal upon the ground that the order is not an appealable order under the statute.    The statute (§ 6500, Bal. Code) does not provide for appeals from orders of this kind.    It provides for appeals from final judgments and:

"6.    From any order affecting a substantial right in a civil action or proceeding, which either, (1) in effect determines the action or proceeding and prevents a final judgment therein; or (2) discontinues the action; or (3) grants a new trial; or (4) sets aside or refuses to affirm an award of arbitrators, or refers the cause back to them;

"7.    From any final order made after judgment, which affects a substantial right.    .    .    ."

The record in this case does not disclose any final judgment.    It shows the entry of a default against the appellant, and nothing more.    So far as the record shows, no final judgment has yet been entered against appellant. The order denying the motion to quash the service of the summons is not an order affecting a substantial right, which determines the action or proceeding and prevents a final judgment therein.    The appellant may, upon motion, have the default set aside, or, if the default is not set aside, he may appeal from the final judgment entered upon default within the statutory time, and then raise the questions presented here, that the court has no jurisdiction because there has been no service  of  summons. *Rhode Island Mtge. & Trust Co. v. Spokane,* 19 Wash. 616 (53 Pac. 1104).    In *Prussian National Ins. Co. v. Northwestern F. & M. Ins. Co.,* 19 Wash. 281 (53 Pac. 158), it was held that an order denying the motion to quash the service of summons was not appealable, because it was not such a final order as determined the action. It is not the policy of the law to permit appeals where the order is not final, and thus allow a case to be brought here

piecemeal. But the object of the statute is to require causes to be brought up all at one time after final judgment, and to that end it expressly provides that "an appeal from any such order shall also bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from." This not being a final order, or one which in effect determines the action and prevents a final judgment, it is not appealable.

The appeal is therefore dismissed.

FULLERTON, C. J., and HADLEY, ANDERS and DUNBAR, JJ., concur.