HENRY J. LYMAN, NORMAN LYMAN, EUGENE LY-
    MAN and RICHARD LYMAN, PARTNERS, doing
    Business as the CENTRAL MEAT MARKET, *v.* F. L.
    WINTER, DEFENDANT, and A. E. SUTTON and H.
    VICARS, PARTNERS, under the Name of A. E. SUT-
    TON & CO., GARNISHEES.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT.

SUBMITTED FEBRUARY 3, 1904.   DECIDED FEBRUARY 20, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A District Magistrate may, in a proper case, set aside his own judg-
    ment and reopen the case for further hearing.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit for $78.95, instituted in the
District Court of South Hilo, Hawaii.   Summons was issued on
September 13, 1902, returnable on September 16, 1902, at 10
A. M.   The defendant not being found, substituted service was
made on the day of issuance, or attempted, by leaving a copy,
etc., with his wife at his last and usual place of abode.   On the
morning of September 15, one of the members of the firm of
Ridgway & Ridgway, attorneys, informed the District Magis-
trate, in court, that his firm would appear for the defendant
upon the calling of the case.   On the return day, at the appoint-
ed hour, counsel for the plaintiff, although informed by the
Court and the clerk of the intended appearance of counsel for
the defendant, moved for trial and such trial was thereupon

had, *ex parte* so far as the defendant was concerned. H. Vicars, one of the garnishees, appeared and testified. Judgment was rendered for the plaintiffs for the amount claimed. The usual order in that Court, of hearing criminal cases first, was not followed on that occasion and an unfinished criminal case, set for that hour, was passed for the time being in order to permit of an immediate trial in the case at bar. At 10:12 A. M., Messrs. Ridgway & Ridgway appeared and orally moved to set aside the default and judgment and to re-open the case. The motion was denied. Three days later, similar motions by the defendant and by the garnishees were presented and denied, the ground alleged being insufficiency of service and irregularities in the obtaining of the judgment. On the 20th the garnishees appealed from the judgment (evidently that on the merits) to the Circuit Judge at Chambers, but their appeal was, on October 8, dismissed on the ground that the statute purporting to confer the right thereto was unconstitutional. In his written opinion on this matter, the judge commented adversely on the methods that had been followed in obtaining judgment and remarked, in effect, that the motion to set aside the same should have been granted. On the following day the garnishees filed before the Magistrate a second motion to set aside the judgment, based upon the same grounds and upon the additional grounds that the judgment was against the law and the evidence and that the garnishees had no money or other property of the defendant in their hands at the time of service of summons. This motion was granted on October 29, the ground stated by the Magistrate being that the Circuit Judge had in his decision of September 20 directed that the case be re-opened. From this ruling the plaintiffs appealed to the Circuit Court, jury waived, on the points of law, (a) that the Court erred in granting the motion because an earlier motion to the same effect had been denied and the matter was *res judicata,* (b) because the Magistrate misconceived the intent and effect of the remarks of the Circuit Judge above referred to, and (c) because the District Court, being of limited jurisdiction, had no authority to set aside its own judg-

ment and grant a new trial. The Circuit Court dismissed the appeal, on the ground that it was not a final order, and remanded the case to the District Court for further proceedings. The plaintiff's bill of exceptions presents the question of the correctness of this last mentioned ruling of the Circuit Judge.

The mere fact that the District Court had denied one or more motions to re-open would not preclude it from granting still another motion to the same effect, provided only that it had the power under any circumstances to set aside its own judgment and to re-open the case. If it had the power, it could exercise it even of its own motion, if satisfied that the ends of justice so required.

The District Court ruling appealed from is interlocutory and therefore not appealable if that court had authority to make it. In our opinion, District Magistrates have, under our laws, power to set aside their own unsatisfied judgments and to re-open cases before they have been removed by appeal or otherwise to another Court whenever, in their discretion, the ends of justice require that this be done. Whatever the rule may be elsewhere as to police or justices' courts, our district courts have long exercised the power and the practice not only has been unquestioned but has been recognized by the Supreme Court. See *The King v. Yok Lan*, 7 Haw. 854, where the court, composed of five judges, said that "if the defendant", who had been sentenced upon a plea of guilty and whose motion to have the judgment set aside and the case reheard had been denied by the police justice, "thought the police justice was wrong in refusing the application for a rehearing of the case, he should have appealed from that decision and not from the judgment in the case." The exercise of this power is sometimes necessary in order that mistakes may be corrected and in order that the determination of the controversy may be a just one. Irregularities in obtaining a judgment constitute good ground for setting it aside and permitting further hearing.

In *Gouveia v. Nakamura*, 13 Haw 450, 452, we held that a district magistrate erred in not granting a motion to vacate a

judgment, the ground of the motion being that the judgment was void for certain stated reasons, and remanded the case with directions to have the judgment set aside.

Whether the district court misconceived the intent and the effect of the remarks of the Circuit Judge in his decision of September 20, or whether for any other reason the ruling of the magistrate should be sustained, we need not say. These are questions which could be determined only if we were at liberty to consider the appeal on its merits.

Counsel for the plaintiffs have, in this Court, referred to the ruling of the district magistrate as though it were an order for a new trial. While the order as stated in the certificate of appeal prepared by counsel for the appellants would seem to have been to that effect, yet upon an examination of the whole record we think the intention of the Magistrate was simply to order a re-opening for the admission of further testimony. In none of their motions did the present appellees ask for a new trial.

In our opinion the ruling appealed from is interlocutory and not appealable. The exceptions are overruled.

*Smith & Parsons* for plaintiffs.

*Ridgway & Ridgway* and *T. I. Dillon* for defendants and garnishees.