# TERRITORY OF HAWAII *v.* AH ON.

QUESTION RESERVED BY CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED SEPTEMBER 27, 1905.  DECIDED SEPTEMBER 28, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

TERM OF COURT—*does not lapse by failure to open on day designated by statute when such day is legal holiday.*

> Under the special provisions of the Rev. L., Secs. 1644, 1646, as amended by L. 1905, Acts 34, 37, it is held that the September term, 1905, of the circuit court of the first circuit did not lapse by reason of a failure to open the same until the day after the first Monday of September, although the statute prescribed that it should open on the first Monday, which, however, was a legal holiday.

## OPINIONS DELIVERED ORALLY.

The question was raised in this case in the circuit court by defendant's plea to the jurisdiction of that court and reserved by the trial judge for the consideration of this court, whether or not the September term, 1905, of that court lapsed, for the reason that it was not opened until the day after the first Monday of September, although the statute prescribed that it should open on the first Monday, which, however, was a legal holiday,

namely, labor day.   The following opinions were delivered orally:

FREAR, C.J.:   The court is of the opinion that the term did not lapse.   This opinion is based upon the construction of the statutes relating to terms of court, and therefore it will be unnecessary to discuss the numerous authorities cited by counsel on both sides as to whether or not a holiday is a nonjuridical day in the absence of an express provision or clear implication to that effect, or as to what the effect of a failure to open court upon the day designated by statute is under ordinary circumstances.   Section 1644 of the Revised Laws, as amended by Act 34 of the Laws of 1905, which prescribes the days upon which the terms of the various circuit courts shall be held, provides that the terms in the first circuit shall be "held" on the first Mondays of January, April and September.   Section 1646, as amended by Act 37 of the Laws of 1905, provides that the terms in the second, third and fifth circuits may be "continued and held from the opening thereof, respectively, until and including the twenty-fourth day thereafter, Sundays and legal holidays excepted," and that the terms in the first and fourth circuits may be "continued and held from the opening thereof, respectively, until the time fixed by law for the commencement of the next succeeding terms of such courts."   This section contains also other provisions to which reference need not be made. These two sections must be construed together, particularly as they relate to the same subject and were originally parts of the same act, before their incorporation in the Revised Laws.   It is obvious that the legislature did not intend that the second, third and fifth circuit courts should be held on legal holidays any more than on Sundays; and this provision, in section 1646, applied to all the circuit courts before the terms of the first and fourth circuit courts were lengthened.   There can be little doubt that Sundays and legal holidays were intended to be excepted from the terms of the first and fourth circuit courts as well as from those of the second, third and fifth circuit courts, but it was not necessary to repeat the exception or to set it forth in

so many words in the clause in which the terms in the first and fourth circuits were made to extend until the next succeeding terms in those circuits. There was not the same necessity for expressing such exception in that clause as there was in the provision which defined the terms of the second, third and fifth circuit courts by stating the number of days during which they might continue. This section (1646) must be regarded as more specific, and therefore controlling, so far as Sundays and holidays are concerned, as compared with section 1644, which is, upon this point, of a more general nature. That Sundays and holidays were intended to be excluded, so far as holding terms are concerned, is supported further by the provisions of section 1631, relating to the terms of the supreme court, which was originally part of the same act, that is, the judiciary act of 1892, and which provides that the supreme court shall be deemed to be continuously in session "except on Sundays and legal holidays" for the issue, return and hearing of certain writs, and that such writs, should necessity require, may be issued on a "Sunday or legal holiday." Construing these various provisions together it is evident that holidays as well as Sundays were intended to be excluded so far as holding terms of court are concerned, even if the mere fact that the first Monday in September is designated by section 115 of the Revised Laws to be a holiday would not make it *dies non.* This construction is more natural, and less is required to manifest it, in view of the popular impression as to the effect of declaring a certain day a holiday than would be the case if such impression were the other way. We cannot take the view presented by counsel that the mention which is made of holidays in section 1646 has no other effect than to indicate what days should be included in estimating the length of the terms, with the result that in the second, third and fifth circuits the courts might be held on holidays, although such days could not be included in estimating the length of the terms. It seems to us that such mention shows an intention that the courts need not, and perhaps should not, be held on such days. No opinion, however, need be expressed as to whether judicial acts,

if performed on a holiday, would be absolutely void and subject to collateral attack. The question now is merely whether the circuit court was required to hold its term upon such day.

The argument that the statute which provides that the term of the first circuit court should be held on the first Monday in September, that is, the amendatory act of 1905, is of later date than section 115 of the Revised Laws, which prescribes the holidays, and therefore should control, is entitled to little or no weight. Indeed, it is a question which provision is of later date within the meaning of the rule that a later statute controls an earlier. The provision relating to terms was enacted originally in 1892, and amended in 1895, 1903 and 1905, while the provision relating to holidays was enacted originally in 1896, and amended in 1903; both were incorporated in the Revised Laws, which were enacted in 1905. That relating to holidays is of a general nature and it would seem that other laws should be construed with reference to that, and that whether they should control or not should depend upon other considerations than mere priority in time. Moreover, both provisions were incorporated in the Revised Laws and the provisions relating to terms are not altered in the least by the amendments of 1905, so far as holidays are concerned or so far as they affect the present case. Those amendments related to other matters. Further, as already stated, our opinion is based more upon our construction of the provisions relating to terms than upon the provision relating to holidays.

The question reserved is therefore answered in the negative and the circuit judge is advised accordingly.

HARTWELL, J.: I concur with what has been said by the Chief Justice and in the decision. In order to sustain the contention of the defendant's attorneys it would be necessary to hold that the statute imperatively required the performance of judicial work on a legal holiday to the extent, at least, of opening and adjourning the term, and further that it would be discretionary with the judge, if he thought fit to do so, to occupy

the entire day with term work. This is not the ordinary acceptation of the meaning of a legal holiday and I do not think that the legislature of Hawaii intended that holidays should be so used.

The legislative intention on this subject is manifest in the express legislation permitting judges to perform such special judicial duties as are involved in issuing certain extraordinary writs on holidays as well as Sundays. If special legislation was considered necessary in order to validate such writs when issued on holidays, it would seem to be still more requisite in order to validate ordinary judicial work on those davs. But it is unnecessary to say whether cases could legally be heard on a holiday, by consent of parties, since the question presented in this case is whether it was compulsory upon the judge to open the court and adjourn it on that day. As it necessarily would follow from holding that this was compulsory upon the judge, that he could, if he wished, occupy the entire day with trials, I do not think that we can properly hold that labor day, being a legal holiday, was *dies juridicus* for any purpose.

The common law, then, applies to this case in not permitting any judicial work.

*F. W. Milverton, deputy county attorney,* for the prosecution.
*A. S. Humphreys* and *A. Perry* for the defendant.