## M. F. SCOTT *v.* A. F. LINDER.

ERROR TO CIRCUIT COURT, THIRD CIRCUIT.

SUBMITTED OCTOBER 1, 1906.  DECIDED OCTOBER 8, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

COMPUTATION OF TIME—*excluding Sunday.*

Sunday is not included in the five days within which a notice of appeal may be filed but it may be filed upon the following day.

FINDINGS SUSTAINED BY EVIDENCE AND THE PLEADING—*as to time for filing motion for new trial.*

The findings of the court, jury being waived, being held to be sustained by the evidence and by the plaintiff's pleading, held: That even if the motion for new trial could properly be filed more than ten days after the filing of the decision but within ten days after the entry of the judgment the plaintiff was not prejudiced by the refusal of the court to consider the motion.

OPINION OF THE COURT BY HARTWELL, J.

The plaintiff brought an action before the district magistrate of North Kona in the county of Hawaii to recover of the defendant the sum of $100 for use and occupation of certain premises held by the plaintiff under a lease assigned to him March 26, 1904, averring in his complaint that the defendant who, prior to that date, had occupied a dwelling house on the premises but without any right to continue to use it, requested the plaintiff to be permitted to continue to live in the house and to have the same privileges and benefits which he had theretofore enjoyed, to which request the plaintiff acceded, but without naming the rental; that August 19, 1904, the plaintiff notified the defendant that the parole tenancy was terminated; that reasonable value of the defendant's use of the dwelling house with appurtenances together with stable and pasture for

one horse from March 26 to September 26 was $60 and $40 for his use from June 12 until July 28 of laborers' quarters on the premises for housing fifty laborers and of the stable for stabling forty horses together with pasture for the horses and water for men and animals.    The magistrate having given judgment for the plaintiff for $100 on Tuesday, the defendant filed notice of appeal on the following Monday.

The denial of the plaintiff's motion to dismiss the appeal because the notice was not filed within five days after judgment is assigned as error.    The court held that the fifth day being Sunday was excluded by Sec. 1769, R. L.:

"The time within which an act is to be done, as provided in any part of this chapter, shall be computed by excluding the first day and including the last.   If the last day be Sunday, it shall be excluded."

Chap. 118, which includes this section, prescribes the time for filing certain pleadings, not including notice of appeal which Sec. 1858, R. L., requires to be filed within five days. We do not think that the notice is required to be filed on Sunday for, with the exceptions made by statute concerning the issue of certain writs of necessity, Sunday is a dies non juridicus.   *Ter. v. Ah On,* 17 Haw. 21.   The general rule of law appears to exclude Sunday from the computation of time in a case like this.   *Barnes v. Eddy,* 12 R. I. 25; *Studley v. Sturt,* 2 Str. 782; *Morris v. Barrett,* 7 Com. Bench, N. S. 138; *Hughes v. Griffiths,* 13 Ib. 323.

The court, jury being waived, heard the case and, November 29, 1905, filed the following opinion dated November 25:

"The testimony of the plaintiff is that the defendant 'asked to be permitted to continue on.'   At that time the plaintiff 'hadn't given the rent any consideration,' as he puts it.

"It is clear to me that the defendant had not been paying any rent for the premises in question previous to the change in landlords, and wished to make sure that this privilege would 'continue on.'   The plaintiff acquiesced.

"The defendant should have left after the ten days' notice which was given him by plaintiff.   It appears that the defendant did not then leave; but the only evidence as to the length

of time that the defendant overstayed is the plaintiff's testimony that it was 'some days.' This is so indefinite that all I can say is that it must have been two days anyway. The plaintiff later leased the same premises to Dr. Goodhue for $3.00 a month, this being apparently a reasonable rate. Two days rent on that basis would be $.20.

"Judgment, therefore, should be entered for the plaintiff to recover from the defendant $.20 damages."

December 19 the clerk, by direction of the court, entered judgment and the plaintiff filed a motion for a new trial which motion the court ordered to be struck from the files because not made within ten days after the decision, which ruling the plaintiff assigns as error. As we find no error in the decision the motion, if heard, would properly have been denied and therefore, even if filed within the time required by the statute, the plaintiff was not prejudiced by the refusal of the court to consider it.

The plaintiff assigns as error that there was no evidence to sustain the findings that there was a change in landlords; that the defendant wished that the privilege would continue or that the plaintiff acquiesced, and in the ruling " 'That a tenant holding over by consent of Landlord, does so on the same terms as prior tenancy,' to an occupant, continuing on as tenant, by consent of new owner, where said occupant had previously occupied as an employee of former owner; that the Court failed to apply to defendant's use of the stables and laborers' quarters, the principle of law, 'That an occupant is liable by implied contract for use of premises, occupied at request of occupant, and by consent of owner;' and that the Court erred in refusing to make further findings of fact."

No request for further findings was made and therefore there was no refusal. The findings were justified by the evidence and the averments in the plaintiff's complaint. The defendant's request to be permitted "to continue to live in the house and to have the same privileges and benefits which he had theretofore enjoyed," which the plaintiff granted, might

include the right to use the premises including the stables and laborers' quarters, as he had formerly done, free of rent.

We find no error in the record and affirm the judgment of the circuit court.

*J. W. Cathcart* for plaintiff.

*C. F. Clemons* (*Thompson & Clemons* on the brief) for defendant.