Gear v. Henry, 21 Haw. 54.

## A. V. GEAR *v.* WILLIAM HENRY.

MOTION TO DISMISS APPEAL.

ARGUED MARCH 4, 1912.                    DECIDED MARCH 6, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

APPEAL AND ERROR—*order denying motion to quash summons not appealable.*

> An order of a district magistrate denying a motion to quash a summons is not a final order, or one which in effect determines the action, and, therefore, it is not appealable.

OPINION OF THE COURT BY DE BOLT, J.

This is an appeal by the defendant on points of law from an order of the district magistrate of Honolulu denying a motion, made by the defendant upon special appearance, to quash the summons issued in the above entitled cause then pending before the district magistrate. The plaintiff moves to dismiss the appeal on the ground that the statute does not allow an appeal from such order, it not being final.

Under the provisions of section 1858, R. L., as amended by Act 23, Laws of 1909, "Appeals shall be allowed from all decisions of district magistrates in all matters, whether civil or criminal, to the circuit court of the same circuit," upon the facts; "provided, that any appeal solely upon points of law from a decision of a district magistrate shall be so stated in the notice of appeal, and such appeal upon points of law may be made either to the circuit court of the same circuit or to the supreme court." In either case, whether the appeal is upon the facts or upon points of law, the "decision" appealed from must have been final. Such has been the uniform holding of this court. *Prov. Gov't.* v. *Ah Un,* 9 Haw. 164; *Prov. Gov't.* v. *Smith,* Id. 179; *Brown* v. *Carvalho,* Id. 180; *Prov. Gov't.* v. *Hering,* Id. 181, 187; *Prov. Gov't.* v. *Aloiau,* Id. 399, 401; *Lyman* v. *Winter,* 15 Haw. 424, 426; *Correa* v. *Baldwin,* 16 Haw. 782.

"It is a well-settled principle of law that an appeal will not lie, in the absence of a statute permitting it, from an interlocutory order, judgment, or decree. There must be a final order, judgment, or decree rendered in the cause to permit a review. Interlocutory orders are reviewable, in the absence of a permissive statute, only on appeal from the final judgment that is rendered in the cause." 2 Cyc. 586.

"A judgment, order, or decree, to be appealable, must determine the controversy, or the rights of the parties, and leave nothing further to be done. Accordingly, a judgment or order of court, though determining the law applicable to the issues of an action, yet leaving questions of fact unsettled, is not a final judgment." 2 Id. 587.

Was the order of the district magistrate denying the motion to quash the summons final? We think not. It was merely interlocutory. It did not determine the controversy between the parties. There remained questions of fact unsettled. The rule seems to be universal that an order overruling a motion to quash a summons or to set aside service of the summons is not final, but interlocutory, and therefore is not appealable. "An order overruling a motion to quash a writ or summons is a mere interlocutory order from which an appeal will not lie." 2 Cyc. 609; *Guilford County* v. *Georgia Co.,* 109 N. C. 312; *Powell* v. *Nolan,* 32 Wash. 403; *Prussian N. Ins. Co.* v. *Northwest F. & M. Ins. Co.,* 19 Wash. 281; *Latimer* v. *Central Elect. Co.,* 101 Wis. 310.

If the defendant was not duly served with process he could have disregarded the entire proceedings, or he could have appeared, as he did, and upon his motion to quash being denied, he could then have continued in the case until final judgment, from which he could then have appealed on such points of law as the case might present, and his continuance in the case would not have operated as a waiver of the point of law made as to the ruling of the magistrate on his motion to quash. 3 Cyc. 525, 526; 2 Ency. Pl. & Pr. 629, 630; *Harkness* v. *Hyde,* 98 U. S. 476, 479; *Southern Pac. Co.* v. *Denton,* 146 U. S. 202, 206.

The motion to dismiss the appeal is granted. The appeal is dismissed.

C. F. Peterson for the motion.

W. B. Lymer contra.

