LUCY K. PEABODY, LUCY K. HENRIQUES, KAHOI-WAI (w), MANELE LAANUI AND CHARLES A. REEVES *v*. LUIKA PAAKAUA.

No. 1060.

APPEAL FROM DISTRICT MAGISTRATE OF SOUTH KONA.

SUBMITTED APRIL 5, 1918.                    DECIDED APRIL 13, 1918.

COKE, C.J., QUARLES AND KEMP, JJ.

SUNDAY—*time—computation.*

In computing the time in which a summons may be made returnable if the last day falls on Sunday the summons may properly be made returnable on Monday, the next legal day.

APPEAL AND ERROR—*order sustaining motion to quash summons not appealable.*

An order of a district magistrate sustaining a motion to quash a summons is not a final order, and therefore is not appealable.

OPINION OF THE COURT BY KEMP, J.

This is an appeal on points of law from an order of a district magistrate sustaining defendant's motion to quash the summons and service of summons in a summary proceeding for the restitution of certain land, the property of plaintiffs.

The summons was dated and issued on Tuesday, Novem-

ber 27, 1917, and was returnable Monday, December 3, 1917.

On the return day named in the summons the defendant appeared and made a motion to quash the summons and the service of summons on the ground that said summons was not made returnable within the time prescribed by statute in such cases, which motion was granted and the summons quashed.

From this order the plaintiffs appealed to this court upon one point of law as follows: "The court erred in granting the defendant's motion to quash the summons and service of summons herein    *    *    *    on the ground that the said summons was not made returnable within the time for the return of summons as is by statute in such cases made and provided."

The statute providing when summons in this class of cases shall be returnable is as follows: "The summons shall be returnable within such time as shall appear reasonable to the magistrate, not less than three, nor more than five days" (Sec. 2757 R. L. 1915).

In this case the last day of the five day period was Sunday. The question therefore which the plaintiffs seek to have us decide is, when, as in this case, the last day of the five day period in which the magistrate may make the summons returnable falls on Sunday, it is a compliance with the statute to make the summons returnable on the following day, Monday?

The appellants' contention is that Sunday is a *dies non* and should be disregarded in the computation of time, thus bringing the return day in this instance within the time limited by the statute; that Sunday not being a day in contemplation of law the summons in this case was not returnable more than five days from the day it was issued.

"As Sunday is *dies non* in regard to judicial proceedings *    *    *    it is a general rule, made by statute in many

jurisdictions, that when the last day of a period of time within which an act is to be done falls on Sunday, that day is excluded from the computation, and the act may be rightfully done on the following day, an exception to the rule existing where the act in question may be lawfully done on Sunday" (38 Cyc. 329).

. If the foregoing general rule as quoted from Cyc is applicable to the case at bar it is evident that the motion to quash the summons and return should have been overruled.

This case does not fall within the exception as being an act that may be rightfully done on Sunday, and had the summons been made returnable on Sunday it would have had the effect of making it returnable on Monday, the next legal day (*Ostertag v. Galbraith,* 23 Neb. 730, 37 N. W. 637).

Our own statute relating to circuit court proceedings (Sec. 2404 R. L. 1915) provides that "the time within which an act is to be done, as provided in any part of this chapter (Chap. 137) shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded."

In the case of *Scott v. Linder,* 18 Haw. 7, this court applied the above provision of our statute in determining whether notice of appeal was filed in time although the provision of the statute relating to notice of appeal is not included in the chapter to which this section of the statute specifically relates, and held that where the last day of the five days allowed for filing notice of appeal falls on Sunday that it may be filed on Monday, the court saying: "We do not think that the notice is required to be filed on Sunday for, with the exceptions made by statute concerning the issue of certain writs of necessity, Sunday is a *dies non juridicus.*" See also *Territory v. Ah On,* 17 Haw. 19, 21.

We are of the opinion that when the last day of the five allowed by statute falls on Sunday the Sunday should be

excluded and that it is a compliance with the statute to make the summons returnable on Monday. The district magistrate therefore erred in quashing the summons.

We have expressed our opinion of the district magistrate's ruling in this case for the purpose of giving him and the litigants the benefit of our views on this important matter of practice, but in our opinion there has been no such judgment rendered as would justify an appeal. Ordinarily the question of whether the judgment, order or decision appealed from is one from which an appeal will lie is raised in this court by the motion of the appellee to dismiss the appeal, but in this case the appellee has not appeared and the question has therefore not been raised by the parties. However we do not want to establish a precedent by ignoring a question which goes to the jurisdiction of the court and we will therefore consider the question on our own motion.

Under the provisions of section 2507 R. L. 1915 "Appeals shall be allowed from all decisions of district magistrates in all matters whether civil or criminal, to the circuit court of the same circuit, * * * but exceptions upon questions of law may be taken to the supreme court; provided, that any appeal solely upon points of law from a decision of a district magistrate shall be so stated in the notice of appeal and such appeal upon points of law may be made either to the circuit court of the same circuit or to the supreme court."

This court in construing the above provision of our statute has repeatedly held that in an appeal upon points of law from a decision of a district magistrate the "decision" appealed from must be final (*Prov. Gov't v. Ah Un*, 9 Haw. 164; *Prov. Gov't. v. Smith*, Id. 178; *Brown v. Carvalho*, Id. 180; *Prov. Gov't. v. Hering*, Id. 181, 187; *Prov. Gov't. v. Aloiau*, Id. 399, 401; *Lyman v. Winter*, 15

Haw. 424, 426; *Correa* v. *Baldwin,* 16 Haw. 782; *Gear* v. *Henry,* 21 Haw. 54).

What then is a final decision? "When the order, judgment or decree finally determines the rights of the parties as to the controversy, or some material portion thereof, and provides the means of carrying the order, judgment or decree into effect it is final. But when further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree upon which the question arises is not to be regarded as final" (*Honolulu Athletic Park* v. *Lowry,* 22 Haw. 733, 738).

In the case of *Rodrigues* v. *Correia et al.,* 20 Haw. 563, the plaintiff filed a bill in equity upon which process in the usual form in equity cases was issued and served upon two of the defendants and returned unserved as to one. The defendants who had been served appeared specially and moved to quash the summons. The motion was granted. The plaintiff appealed and in this court the defendants moved to dismiss the appeal on the ground that the order appealed from was interlocutory and the appeal not allowed by the circuit judge. In disposing of this motion the court said:

"Plaintiff's right to maintain the appeal depends, therefore, upon whether the order can be regarded as a final one. A decree or order which is not final is not appealable. *Barthrop* v. *Kona Coffee Co.,* 10 Haw. 398; *Atcherley* v. *Jarrett,* 19 Haw. 511, 513.

"As appears from the order appealed from, the bill in this case was not dismissed; the summons, only, was quashed. Nothing appears in the record and no reason has been suggested, to indicate that another summons may not issue upon its allowance by the circuit judge, if such allowance is necessary. *   *   *. But as the matter now stands the bill must be regarded as still pending. Plainly, therefore, there was no finality to the order appealed from. It was not an appealable order."

For authorities from other jurisdictions supporting this holding see *Winn* v. *Carter Dry Goods Co.,* 102 Ky. 370; *Warren* v. *Smith,* 80 Ky. 216; *Oland* v. *Agr. Ins. Co.,* 69 Md. 248; *Orton* v. *Noonan,* 32 Wis. 104; *Persinger* v. *Tinkle,* 34 Neb. 5; *Lewis* v. *Barker,* 46 Neb. 662, and cases cited.

In the case of *Gear* v. *Henry, supra,* it was held that an order overruling a motion to quash the summons was not final, but interlocutory and therefore not appealable. We are not unmindful of the fact that some courts which do not allow an appeal from an order overruling a motion to quash the summons do allow an appeal from an order sustaining the motion, holding that the order quashing the summons is equivalent to a dismissal of the action, and therefore final, but in the absence of an order of the magistrate dismissing the cause we are unwilling to concede the correctness of the holding.

The record in this case does not contain an order dismissing the cause and it is therefore still pending in the court below. There is nothing to prevent the plaintiffs from having an alias summons issued and served on the defendant and a final judgment rendered on the merits.

We are of the opinion, and hold, that the order of the district magistrate sustaining the defendant's motion to quash the summons and service of summons is not final but interlocutory and an appeal will not lie therefrom.

The appeal is dismissed.

*H. G. Middleditch* for plaintiffs.

No appearance for defendant.