ELMER F. BUSBOOM ET AL., APPELLANTS, v. OTIS G. GREGORY ET AL., APPELLEES.

137 N. W. 2d 825

Filed November 5, 1965. No. 35987.

Viren, Emmert & Epstein, for appellants.

Fraser, Stryker, Marshall & Veach, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

CARTER, J.

The plaintiffs commenced this action to recover the sum of $14,862.66, the amount claimed to be due and owing by the defendants on a contract of sale of 2,250 shares of common stock in Busboom Bros., Inc. The purchase of the stock was by written contract in which the defendants Otis G. Gregory and Lois M. Gregory are shown as the purchasers. It is alleged that the defendants Gregory entered into a contract of sale of such stock with Busboom Bros., Inc., and Robbins Floor Products, Inc., by which Busboom Bros., Inc., and Robbins Floor Products, Inc., became liable to plaintiffs for any unpaid amount due on the stock.

Summons was served on Robbins Floor Products, Inc., by delivering a certified copy thereof to Tom Dougherty, vice president and managing agent, in Douglas County, Nebraska. Summons was served on Busboom Bros., Inc., by delivering to Frank Frost personally a certified copy of the summons. Special appearances were filed by Busboom Bros., Inc., and Robbins Floor Products, Inc., severally objecting to the jurisdiction of the court over the persons of each of the defendants, which were sustained by the trial court. Motion for a new trial was filed and overruled. Plaintiffs appealed.

The first question is whether or not there is an appealable order. Counsel concede that there is no appealable order under our holding in Erdman v. National Indemnity Co., 178 Neb. 312, 133 N. W. 2d 472. In that case we held that an order sustaining an objection to personal jurisdiction is not final within the meaning of section 25-1902, R. R. S. 1943. Plaintiffs contend that this decision is in error and that its correctness should be reexamined.

We point out that the sustaining of a special appearance for want of jurisdiction over the person is not final. Where the summons is defective, improperly served, or served on the wrong person, a new or alias summons may issue. When a special appearance is sustained, it becomes a final order when the plaintiff elects to stand on it and brings about a dismissal.

In Persinger v. Tinkle, 34 Neb. 5, 51 N. W. 299, we said: "The order quashing the service was the last order made in the case by the district court, so far as the record before us discloses. There has been no final disposition of the case, but the action is still pending in the lower court. There is nothing to prevent the plaintiff from having an alias summons issued and served upon the defendant and a final judgment rendered against him on the merits. In the absence of a judgment finally disposing of the case, this court has no authority or jurisdiction to act." We held to the same effect in Standard Distilling Co. v. Freyhan, 34 Neb. 434, 51 N. W. 976, and Lewis v. Barker, 46 Neb. 662, 65 N. W. 778. These cases are followed in Erdman v. National Indemnity Co., *supra,* and Ruse v. Navajo Freight Lines, Inc., 178 Neb. 670, 134 N. W. 2d 807. We can find no valid reason for departing from this long-established rule.

The plaintiffs state that they should not be required to proceed at their peril, and request that the court point out the proper procedure in such cases. The procedure to be followed must be determined by the plaintiffs. It is for them to determine whether or not a new or amended service of summons can be had. If plaintiffs elect to stand on the service obtained they should so indicate and thereby bring about the dismissal of the action against the persons as to whom the special appearances were sustained.

We do not think that a plaintiff, after the sustaining of a special appearance by one made a party to the action, who moves for a final order to permit an appeal thereby makes a general appearance or consents to the

judgment in the sense that he forecloses his right to appeal. An appearance is special when its sole purpose is to question the jurisdiction of the court. Behr v. Duling, 128 Neb. 860, 260 N. W. 281; South Omaha Nat. Bank v. Farmers & Merchants Nat. Bank, 45 Neb. 29, 63 N. W. 128. The obtaining of a final order under such circumstances, for the purpose of testing the correctness of the ruling on the special appearance, is special in that it is the obtaining of that without which he could not obtain a review of the ruling on the special appearance. In Carlson v. Benton, 66 Neb. 486, 92 N. W. 600, a somewhat similar case, this court said: "The judgment is the logical product of the prior proceedings in the case. With the record of such proceedings before it, the court not only had authority, but it was its duty, to render the judgment. It is also true the record shows that the judgment was rendered on the plaintiff's motion. The motion was made at a term subsequent to the term at which his motion for a new trial had been denied. He had a right to a hearing in the court of last resort. A final judgment was necessary to that end. It would be a mockery of justice to deny him a hearing in this court because he asked the trial court to do that without which he could not obtain such hearing."

There being no final and appealable order, the appeal is dismissed at plaintiffs' cost.

APPEAL DISMISSED.