IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. JOHNSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SCOTT A. JOHNSON, APPELLANT.

Filed June 21, 2016.    No. A-15-1071.

Appeal from the District Court for Lancaster County: VICKY L. JOHNSON, Judge. Appeal dismissed.

Matt Catlett for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Scott A. Johnson appeals from an order of the district court for Lancaster County, Nebraska, denying his motion for absolute discharge on speedy trial grounds and quashing a subpoena related to that motion. Because Johnson has not appealed from a final, appealable order, we find that we lack jurisdiction, and accordingly, we dismiss the appeal.

## BACKGROUND

This is the second time this case has come before us. See *State v. Johnson*, 22 Neb. App. 747, 800 N.W.2d 222 (2015). As recounted in our earlier opinion, Johnson was charged by information with possession of a controlled substance on June 7, 2012. *Id.* Johnson filed a motion to suppress evidence which was taken under advisement by the trial court on March 20, 2013. *Id.* On December 2, 2013, the court denied Johnson's motion to suppress. *Id.* Shortly thereafter,

Johnson filed a motion for discharge, alleging that the amount of time that had passed before the trial court ruled on his motion to suppress violated his statutory and constitutional speedy trial rights. *Id.* The district court overruled Johnson's motion for discharge and Johnson appealed. *Id.*

We affirmed the district court's determination that Johnson's statutory right to speedy trial under Neb. Rev. Stat. § 29-1207 (Cum. Supp. 2014) had not been violated. *Id.* However, we determined that the district court had not made the required findings on Johnson's constitutional speedy trial claim. *Id.* We remanded the case for the district court to consider the constitutional speedy trial issue. *Id.*

On remand, the district court issued an order finding Johnson had not been denied his constitutional right to a speedy trial. The order was dated April 17, 2015. Johnson did not appeal from the order on remand.

On May 28, 2015, Johnson filed a second motion for absolute discharge on both statutory and constitutional speedy trial grounds. Johnson's second motion for absolute discharge asserted the same time period violated his speedy trial rights as had his first motion for absolute discharge. The only difference between Johnson's first and second motions for absolute discharge was that the second motion alleged that the district court judge had informed Johnson's counsel, off the record, that she had forgotten to rule on Johnson's motion to suppress and that was the reason for the delay.

At a hearing on May 29, 2015, the district court judge who Johnson alleged had forgotten to rule on his motion recused herself. On July 29, 2015, a different judge determined that the entire judicial district should be recused from the case, and the case was reassigned to a judge from outside the district.

On September 15, 2015, Johnson filed a praecipe for witness subpoena for the judge who had initially presided over his case and who he alleged had forgotten to rule on his motion to suppress. After the subpoena was issued, the judge filed a motion to quash the subpoena. The judge asserted that she could not be compelled to testify as to the mental processes involved in her official acts as a judge.

The court held a hearing on the motion to quash the subpoena on October 16, 2015. On October 22, 2015, the district court issued an order quashing the subpoena and overruling Johnson's motion for absolute discharge. In its order, the district court held that the issues presented in Johnson's second motion for absolute discharge "ha[ve] been litigated and decided." The court therefore dismissed Johnson's motion and quashed the subpoena for the judge who had presided over the motion to suppress.

Johnson appeals from the October 22, 2015, order denying his second motion for absolute discharge and quashing the subpoena.

## ASSIGNMENTS OF ERROR

Johnson argues that the district court erred in (1) failing to obey this court's mandate on remand by declining to make specific findings as to the reason for the delay and (2) dismissing Johnson's second motion for absolute discharge without a hearing and quashing the subpoena for the judge who had previously presided over Johnson's case.

ANALYSIS

Before we are able to address the merits of Johnson's arguments, we must determine whether we have jurisdiction over this interlocutory appeal. See *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011) (stating that it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it). For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken. *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015).

The Nebraska Supreme Court has held that the denial of a motion to discharge based upon statutory speedy trial grounds is a final, appealable order, because it is an order affecting a substantial right made during a special proceeding. See *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997). There is no right to an interlocutory appeal solely concerning the constitutional right to a speedy trial. *State v. Wilson*, 15 Neb. App. 212, 724 N.W.2d 99 (2006). A constitutional speedy trial claim pendent to a nonfrivolous statutory claim may be reviewed upon appeal from that order. *Id.* However, where a defendant has pled only a frivolous statutory speedy trial claim, an appellate court does not gain jurisdiction over a pendent constitutional claim. See *id.* A legally frivolous claim is one wholly without merit, that is, without rational argument based on law or on evidence. *Id.*

The order from which Johnson appeals overruled Johnson's second motion for absolute discharge based upon both statutory and constitutional speedy trial grounds. To determine whether the ruling constitutes a final, appealable order, we first examine whether Johnson's statutory speedy trial claim was nonfrivolous. See *id.*

Johnson's second motion for absolute discharge contained allegations largely similar to his first motion for absolute discharge, the merits of which were addressed at length in this court's opinion in *Johnson, supra*. Specifically, we held that the district court had properly determined that Johnson had not been denied his statutory right to a speedy trial. Matters previously addressed in an appellate court are not reconsidered unless the petitioner presents materially and substantially different facts. *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011). We must therefore determine whether Johnson has presented materially and substantially different facts which would warrant reconsidering his claim that he has been denied his statutory right to a speedy trial.

The only new factual allegation Johnson makes in his second motion for absolute discharge is that the reason for the delay was that the district court judge forgot to rule on Johnson's motion to suppress. With respect to a statutory speedy trial claim, however, the reason for a delay while a court considers a defendant's pretrial motion is immaterial. See *Johnson*, 22 Neb. App. at 753, 860 N.W.2d at 228 ("[T]he plain terms of § 29-1207(4)(a) exclude all time between the filing of the defendant's pretrial motions and their final disposition, regardless of the promptness or reasonableness of the delay."). Furthermore, the judge's statements regarding the reason for the delay are not admissible evidence because a presiding judge may not testify as a witness in the case. See *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000) (determining that the presiding judge's statements regarding the reason for scheduling delays in a case dealing with a speedy trial claim could not be considered as evidence due to the prohibition on judicial testimony). See, also, Neb. Rev. Stat. § 27-605 (Reissue 2008). Because Johnson's new assertion relates to a factor which has no bearing on a statutory speedy trial claim and relies on inadmissible testimony, we find that

- 3 -

Johnson has failed to present materially and substantially different facts which would warrant reconsideration of his statutory speedy trial claim. See *Huff, supra*. Furthermore, because Johnson fails to present evidence which would warrant reconsidering our ruling on his statutory speedy trial claim, we conclude it is a claim without rational argument based on law or evidence and therefore legally frivolous. See *Wilson, supra*.

This leaves only Johnson's constitutional speedy trial claim and his argument that the district court erred in quashing the judge's subpoena. As discussed above, Johnson's constitutional speedy trial claim, in the absence of a nonfrivolous statutory claim, is not a final, appealable order. The constitutional right to a speedy trial can be effectively vindicated in an appeal after judgment. See *id.*

Similarly, the granting of a motion to quash a subpoena is not a final, appealable order. See *Busboom v. Gregory*, 179 Neb. 254, 137 N.W.2d 825 (1965) (stating that an order quashing service of summons while the action remains pending in the lower court is not a final disposition of the case from which a defendant may appeal). See, also, *Brozovsky v. Norquest*, 231 Neb. 731, 437 N.W.2d 798 (1989) (stating in case requiring witness to submit to subpoena that the general rule is that an order regarding discovery against a non-party is not appealable because it can always be reviewed on appeal from a final judgment in the case).

Accordingly, we lack jurisdiction over this appeal.

## CONCLUSION

Because Johnson has not presented materially and substantially different facts warranting reconsideration of his statutory speedy trial claim, his appeal concerns only the denial of his constitutional speedy trial claim and the quashing of the subpoena related thereto, neither of which is a final, appealable order. Accordingly, we are without jurisdiction to act and must dismiss the appeal.

APPEAL DISMISSED.