## CAMPAU v. FAIRBANKS.

The return to a summons in these words, "Served the within by reading personally,"—the statute requiring it to be served by reading it to defendent and delivering him a copy—is bad, and does not give the justice jurisdiction of the person of the defendant.

CERTIORARI. In August, 1837, Fairbanks sued Campau in a justice's court. The constable made the following return to the summons: "Served the within by reading personally;" to which he affixed the date of the service and subscribed his name. Campau did not appear on the return day, and Fairbanks proceeded *ex parte* before the justice and obtained a judgment, to reverse which Campau sued out a writ of certiorari from this court.

*Tryon*, for platntiff in error.

——, for defendant in error.

\* *By the court,* GREEN, J.   The only ground of error assigned, is, that the service of the summons was insufficient, and that the justice did not, therefore, acquire jurisdiction of the defendant below, and that, consequently, the judgment is absolutely void.

The law in force at the time these proceedings were had before the justice (Laws of 1833, p. 194), required that the summons should be served by reading the same to the defendant, *and delivering a copy thereof to him,* if such defendant should be found; and that the sheriff or constable serving such summons should, upon the oath of his office, return thereupon the time and manner he executed the same; and that in case the defendant did not appear at the time and place mentioned in such summons, the said justice should then, or at such other reasonable time as he might appoint, proceed to hear and examine the proofs and allegations, and give judgment thereupon agreeably to law and evidence.

The service of the summons was clearly insufficient; and had the defendant appeared, he might have taken advantage of the irregularity, or might have waived it by pleading in bar, or taking some other step which pre-supposed a sufficient service.   Did the defendant waive the irregularity by neglecting to appear and make the objection before the justice?   The doctrine appears to be well settled, that a party who does not appear in a suit before a justice of the peace, waives nothing, but may raise the objection upon appeal or certiorari.

The return of the constable in this case being the only evidence of the time and manner of the service of the summons, upon which the justice could act, and that return not showing a service in accordance with the requisitions of the statute, the justice acquired no jurisdiction of the defendant, and, therefore, had no authority to render the judgment.   13 Wendell 85; 14 John. R. 481; 19 *id.* 39; 3 Wendell 202; 1 Doug. Mich. R. 384, 390.

The judgment of the court below must be reversed, with costs to the plaintiff in error.

*Judgment reversed.*