BROWN, appellant, *v.* GASTON AND SIMPSON GOLD AND SILVER MINING COMPANY, respondent.

SUMMONS—*proof of service—affidavits.* The service of a summons should be proved by the return of the officer, or the written acknowledgment of the party served. It is improper practice to establish this fact by the affidavit of persons who were absent when the service was made.

PRACTICE—*default—how set aside.* A default can be set aside without showing excusable neglect, if the summons has been defectively served.

AGENT—*declaration of—authority.* The declaration of an agent of a corporation, respecting his authority, is hearsay testimony.

*Appeal from the Third District, Lewis and Clarke County.*

BROWN commenced this action in December, 1867, for services in erecting a quartz mill for defendant, and to enforce his lien as a mechanic therefor. The sheriff served

the summons upon Rodman Carter and made his return, which is stated in the opinion of the court. The clerk of the district court entered the default of the defendant, and a judgment in favor of the plaintiff, and made a minute of these proceedings in the "minute book" of the court, which was approved and signed by Munson, J. On January 11, 1868, the defendant, by its attorney, moved to set aside the default and vacate the judgment. On January 30, 1868, the court, Munson, J., made the following order upon this motion:

"In this case I am satisfied the judgment is bad, and cannot be held upon the pleadings and papers on file in the case. After argument counsel for plaintiff asks leave to file affidavits to cure defects and show that R. Carter, upon whom service was attempted to be made, was the acting agent of said company, with power to accept service. The plaintiff has leave to file said affidavits, and defendants have like leave to file counter affidavits. Said cause is continued one week for such purpose, with stay of proceedings on said judgment for such time and until further order of this court in the premises."

The plaintiff afterward filed the affidavits of Burdick, King and Cowan, and defendant filed none. Upon reading these affidavits, the court, Munson, J., on February 7, 1868, made an order as follows:

"On reading and filing affidavits on behalf of plaintiff herein, under the order of this court of January 30, 1868, and the certificate of the clerk that no affidavits have been filed by the defendants under said order, and the time allowed in said order for filing affidavits herein having expired. Now, on motion of Williams & Burdick, said motion is overruled, and said judgment heretofore entered in the above action stands as the judgment of this court as rendered."

On February 11, 1868, the court, Munson, J., made the following order in this cause:

"The January term of this court having, on the 4th day of February, adjourned for the term, and all causes and

motions not specially disposed of having been continued till the March term of said court, the order at chambers on the 7th inst. being premature and out of time, the same is hereby revoked and set aside, and said causes and motions therein are continued till said March term of said court for final order in the premises."

On March 6, 1868, the court, MUNSON, J., made the following order on the motion of defendant to open the default, and set aside the judgment for defective service:

" I think the affidavits in the above-named cause, although they do not show all that has been required in similar cases in some States to be good service, yet I will hold them sufficient for that purpose, and let the parties have the benefit of the ruling.   Motion allowed, default opened and judgment set aside, with leave to defendants to move to file answer on or before Monday, March 9, 1868."

The answer of the defendant was filed on March 7, 1868, and alleged that defendant, on February 6, 1868, was adjudged a bankrupt in the district court of the United States, for the eastern district of Pennsylvania, under the provisions of the act of congress, entitled " An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867.

The plaintiff appealed from the order of the court, dated March 6, 1868.

This cause, and that of Lamb against the same defendant, reported on page 64, were argued together.

SHOBER & LOWRY and H. N. BLAKE, for appellants.

WILLIAMS & BURDICK filed a written argument.

The court had no power to make the order of March 6, 1868, setting aside the judgment, which the court declared by the order itself to be regular in every respect, unless upon the defendants filing an affidavit of merits. *Quinn* v. *Case,* 2 Hilton, 467; *Excise Commissioners* v. *Hollister,* id. 588; *Ellis* v. *Jones,* 6 How. Pr. 296; Acts Montana, 1867, 147, § 71; *Macomber* v. *Mayor,* 17 Abb. 37.   In addition to an affidavit of merits, defendants should show that

the omission to answer was the result of accident or mistake, without culpable negligence.

The only answer of defendants, the plea of bankruptcy, adjudged in a foreign court, after the entry of this judgment and the filing of defendants' motion to set the same aside, is evidence of the fact that defendants had no defense upon the merits. Courts will never open a regular judgment to allow an inequitable defense, *e. g.*, the statute of limitations, usury, infancy, coverture, etc. Bankruptcy is of the same nature as a defense. Bankrupt act, 1867, § 14; *Allen* v. *Ackley*, 4 How. Pr. 5 ; *Hawes* v. *Hoyt*, 11 id. 454 ; *Toole* v. *Cook*, 16 id. 142.

The orders made in this case, previous to the final order, were discretionary with the court, and not subject to review. *Lord* v. *Vandenburgh*, 15 How. Pr. 363.

The proof of the relation of Carter to the defendant is ample and sufficient in law. *Brevoort* v. *Mich. C. R. R. Co.*, 5 How. Pr. 183 ; *Bain* v. *Globe Ins. Co.*, 9 id. 448. In cases where there is a doubt, whether the party served is a managing agent, the burden is on the defendant to show that he was not a managing agent. 2 E. D. Smith, 519.

The defendant pleads no surprise or mistake, and offers no excuse for neglect. The court having held the service sufficient, it was an abuse of discretion to open the default. *Bailey* v. *Taafe*, 29 Cal. 422.

CHUMASERO & CHADWICK, for respondent.

The return of the officer does not show that the summons was served on the defendant, or any one authorized to accept service. (This suit was brought before the passage of the California Practice Act of December 23, 1867.) Acts 1865, 48, §§ 29–34.

The clerk had no power to enter judgment by default. This was an action to foreclose a mechanic's lien, and required a special decree and judgment for the relief prayed in the complaint, and a special order for the sale of the property. Acts 1867, 162, § 150 ; Mechanic's Lien Law, Acts 1865, 336, § 18. There was only a waiver of the service of

the summons, and an indorsement on the complaint of the appearance of Carter, as attorney in fact, not as attorney at law.    There was no proof by affidavit of such acknowledgment as is required by Acts 1865, 50, sec. 34.    *Alderson* v. *Bell*, 9 Cal. 320 ; Acts 1867, 140, § 29.

In order to render judgment or other judicial proceedings valid, it is indispensable that the court have jurisdiction of the person, subject-matter and process.    Unless process be executed as the law requires, the court acquires no jurisdiction.    *Reynolds* v. *Orvis*, 7 Cow. 269 ; *Gallatain* v. *Cunningham*, 8 id. 361.    In case of want of jurisdiction over the person or subject-matter, the judgment is a nullity.    *Horton* v. *Auchmoody*, 7 Wend. 200 ; *Norman* v. *Wells*, 17 id. 145 ; *People* v. *Rensselaer & Saratoga R. R. Co.*, 15 id. 121 ; 1 Scam. 488 ; 3 id. 107.

In case of void judgment, no affidavit of merits is required.

KNOWLES, J.    This was an action against the above-named respondents, a corporation organized under the laws of the State of Pennsylvania to carry on the business of mining in this Territory, to foreclose a mechanic's lien.

The sheriff who served the summons made the following return of service thereof:

"I served the within summons by reading the same to Rodman Carter, and delivering to him a copy thereof; also delivered to him a copy of complaint.    All done in Edgerton county, M. T., December 9, 1867."

On the 7th day of January, 1868, the appellant claimed of the clerk of the district court a default against the respondent, which was duly entered.    On the same day, at the request of appellant, the clerk entered up a judgment against respondent for the amount claimed in the complaint, and an order of sale of the described premises. The defendant, within two days thereafter, filed his motion to have the judgment vacated and the default set aside, for the reason, among others, that the service of summons was defective.

The court held, on the hearing of this motion, that the

proceedings were defective, but gave the appellant one week in which to file affidavits, showing that Rodman Carter was a general managing agent of the said corporation, the respondent. Affidavits were filed, which the court held were sufficient, and it was ordered that the judgment should stand as the judgment of the court. On the 11th day of February the judge reversed this order, on the ground that it was made out of term time, and that on the adjournment of the court all causes and motions had been continued for the term. On the 6th day of March following the court rendered a decision, holding the service good, but, at the same time, setting aside the judgment and default, and giving the respondent time to file his answer.

From this order the appellants appeal to this court.

If there was a good service of summons upon respondent, and a default had been regularly entered, and a judgment thereon, there is no doubt that it was improper practice to allow the respondent, without any showing of excusable neglect or inadvertence, to have the judgment vacated and the default set aside, and leave to file an answer to the complaint. Does the record present such a case? No matter what the reasons which induced the court to sustain the motion may have been, still, if there were legal grounds presented to him which warranted his ruling, it is the duty of this court to sustain it.

It is not contended that the return of the sheriff shows sufficient service of summons to warrant the judgment. The appellant, however, sought to remedy this defect, by filing affidavits of third persons to show that Carter was a managing agent. When an officer serves a summons the usual way, and we are inclined to say the only way of proving that service is either by the return of the officer himself or the written acknowledgment of the party served. The attempt to amend service of summons by the affidavits of persons who did not make the service, is certainly doubtful practice, but when these parties do not pretend to have been present when service was made, or to know that the sheriff did make service on the particular individual described, we

are sure it is improper practice. Not one of the persons making affidavits pretend to know that the Carter they are deposing concerning is the one upon whom the sheriff made service. There is another point connected with these affidavits which strikes us forcibly. One sets forth what Carter told him was the position in the company which he held, which is certainly hearsay testimony. Another deposes concerning the contents of a written power of attorney which he says Carter told him was sent him by telegraph. It is well, perhaps, he does not depose concerning the signatures to this power of attorney. The third affidavit sets forth certain transactions in which Carter was engaged as the agent of the company. This, however, so far as it is not hearsay, does not show that his agency pertained to all the affairs of the company. If it did not, it has been held that he was not what is denominated a general managing agent, and service upon him would not have been sufficient. Such affidavits, we are of the opinion, are insufficient to amend a return of a sheriff of service of summons if such practice be proper.

Where the service of a summons is defective, it is not error for the court to sustain a motion to vacate a judgment and set aside a default, and allow the defendant to make answer to the merits of the complaint.

In accordance with these views the order of the court below is affirmed, and the cause remanded for further proceedings.

*Affirmed.*

WARREN, C. J., concurred.