THE REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, v. GEORGE SAYER, DEFENDANT IN ERROR.

1. **Practice in Supreme Court:** SERVICE OF SUMMONS. Where a summons in error is directed to the sheriff of a particular county, it cannot be served by a private person unless appointed for that purpose by such sheriff.

2. ———: ———. A court or judge may, for cause shown, appoint a person to serve a particular process, but a justice of the peace has no authority to appoint a person to serve a summons issued out of the supreme court.

3. ———: JURISDICTION. Where an alias summons was issued and served after the expiration of a year from the rendition of the judgment, *Held,* It gave the court no jurisdiction.

MOTION to quash summons.

*A. E. Harvey* and *Charles O. Whedon,* for the motion.

*Marquett, Deweese & Hall* and *James Laird,* contra.

BY THE COURT.

Final judgment was rendered in the district court of Furnas county on the seventh day of October, 1880. On the twenty-fifth of September, 1881, a transcript and petition in error were filed by the plaintiff in this court and a summons in error issued directed to the sheriff of Furnas county. This summons was sent to H. A. Gray, the station agent at Arapahoe, Furnas county, with directions to place the same in hands of the sheriff at once for service. Mr. Gray made inquiry for the sheriff of that county, but found that he was temporarily absent therefrom, and being unable to find a deputy sheriff, went to a justice of the peace and had W. D. Pruit appointed to serve the summons. Pruit served the summons upon the defendant, and made a return of such service under oath. This summons was then returned to the attorneys for the plaintiff, who returned the same to some one in Furnas county for delivery to the sheriff for service. From some cause that does not clearly appear, the summons did not reach the hands of the sheriff, and no service was made by him or any of his deputies, but it was returned without being served to the plaintiff's attorneys about the twenty-seventh of October, 1881. It was lost before being returned to the clerk's office. An alias summons was issued and served after the expiration of the year. The defendant now moves to quash the summons.

Two questions are presented by the motion: *First,* Was the service by Pruit of any validity? *Second,* Was the service under the alias summons sufficient to give the court jurisdiction?

Sec. 68 of the code provides that: "The summons shall be served by the officer to whom it is directed, who shall indorse on the original writ the time and manner of service. It may also be served by any person not a party to

the action, appointed by the officer to whom it is directed. The authority of such person shall be indorsed on the writ," etc.

Sec. 882 provides that: "The court or judge, for good cause, may appoint a person to serve a particular process or order, who shall have the same power to execute it which the sheriff has," etc.

Sec. 585 provides that: "The summons mentioned in the last section shall, upon the written precipe of the plaintiff in error or his attorney, be issued by the clerk of the court in which the petition is filed to the sheriff of any county in which the defendant in error or his attorney of record may be; and if the writ issue to a foreign county the sheriff may return the same by mail to the clerk," etc.

A summons must be served by the party to whom it is directed, except that under the statute a sheriff may appoint a deputy to serve the same. *Hickey v. Forristal*, 49 Ill., 255. *Schwabaker v. Reilley*, 2 Dillon, 127. *Branner v. Chapman*, 11 Kas., 118. *Dietrichs v. Schaw*, 43 Ind., 175. Pruit therefore, if lawfully appointed, would have had no authority to serve the summons unless he was the sheriff or deputy sheriff of Furnas county, which he was not. And his appointment by the justice to serve the summons was an absolute nullity.

*Second,* The *alias* summons being issued after the expiration of a year from the rendition of the judgment gave the court no jurisdiction. *Baker v. Sloss, ante* page 230.

The motion must therefore be sustained, and the cause

DISMISSED.