SANFORD ET AL., RESPONDENTS, v. EDWARDS, APPEL-
LANT.

[Submitted December 8, 1896.  Decided December 21, 1896.]

SUMMONS—*Service—Mandatory Statutes.*—Statutes prescribing the manner of service
of summons are mandatory and must be strictly pursued, and therefore, a statute
providing for service of summons by reading it to the defendant personally, or by
leaving a copy at his place of residence, is not satisfied by the delivery of a copy to
the defendant personally, and a judgment rendered upon such service is void.

EVIDENCE—*Service of Summons.*—In an action in the district court on a judgment re
covered in a justice court, parol evidence is inadmissible to show that the service o
the summons in the justice court was made in conformity with the statute, for the
purpose of authorizing a judgment in the district court.

*Appeal from First Judicial District, Lewis and Clarke
County.*

ACTION on Judgment.  Judgment was rendered for the
plaintiffs below by BUCK, J.  Reversed.

Statement of the case by the justice delivering the opinion.

It appears from the record and pleadings in this case that
on March 4th, 1887, plaintiffs recovered judgment against the
defendant before a justice of the peace for the sum of $298.99
and costs.  This is an action commenced in the district court
to recover judgment on the judgment rendered before said
justice of the peace.

The complaint in this case alleges that by mistake the name
of the defendant in said justice's court was given as "Ada"
Edwards instead of " Mary " Edwards, but that Mary Ed-
wards was and is the real defendant in said action before said
justice, and that summons in said justice's court was served
upon Mary Edwards and judgment rendered against her as the
real defendant in said cause before said justice.

The defendant filed a general demurrer to the complaint,
which was overruled.  The answer denies the indebtedness
sued for in the justice's court; alleges defendant's real name
is " Mary " and not "Ada" Edwards; that the summons

issued in the case by the justice of the peace was directed to Ada Edwards as defendant, and that on the 28th day of February, 1887, the constable served a copy of said summons upon this defendant, but did not read the same to her.

The answer sets up the return of the constable which is as follows : " I hereby certify that I received the within summons on the 28th day of February, 1887, and personally served the same on the 28th day of February, Anno Domini 1887, upon Ada Edwards, being the defendant named in said summons, by delivering to said defendant personally in the said county of Lewis and Clarke, a copy of said summons." Defendant in her answer alleges that judgment was rendered in said justice's court against Ada Edwards on the 4th day of March, 1887, and that said judgment is null and void for the reason that said justice of the peace never acquired jurisdiction to render the same against the defendant; that this defendant never appeared in said justice's court and that judgment entered therein was by default against this defendant as "Ada Edwards."

The replication to the answer alleges that the constable served the summons upon the defendant by delivering a copy thereof to her at her place of residence in the county of Lewis and Clarke, state of Montana, and alleges on information and belief that it was delivered to her at her place of residence. Thereafter the defendant moved the court for judgment on the pleadings, which motion was overruled by the court.

The case was tried to the court without a jury. On the trial the constable, White, was introduced, and over the objection of the defendant was permitted to testify, and did testify, that he served the summons issued by the justice of the peace upon the defendant by delivering a copy of it to her at the front door of her residence. The defendant at the close of the plaintiff's testimony moved the court for a nonsuit, on the ground that the judgment sued on was void, which motion was overruled.

The court made certain findings of fact in favor of plaintiffs and rendered judgment as prayed for against the defendant.

This appeal is from the judgment and from an order refusing a new trial.

*Henry C. Smith* and *T. J. Walsh* for Appellant.

A summons in a justice court is required to be served by reading it to the defendant. (§ 744, Code of Civil Procedure, subd. 4.) "Where the statute provides the form of service or mode of obtaining it, that mode must be pursued strictly." (Brown on Jurisdiction of Courts, § 41, page 110.) Statutes prescribing the manner of service are mandatory. (Wells on Jurisdiction of Courts, § 97, page 83.) Accordingly it has been repeatedly held that where the statute required a copy to be delivered and the officer only *read* the summons to the defendant, the service is void. (*Robbins* v. *Clemmens*, 41 Ohio St. 285; *Campau* v. *Fairbanks*, 1 Mich. 152; *Newlove* v. *Woodward*, 9 Neb. 502; *Young* v. *Capen*, 7 Mich. 287; *Grand Tower* v. *Schirmer*, 64 Ill. 116; *McCoy* v. *Crawford*, 9 Tex. 353; *Hart* v. *Gray*, 3 Sumn. 339.) The particular manner of service required by the statute must appear from the record or a default judgment is void. (*Barney* v. *Vigoreaux*, 17 Pac. 433; *Maynard* v. *McCrellish*, 57 Cal. 355; *Naglee* v. *Spencer*, 60 Cal. 11; *Wilkinson* v. *Chilson*, 36 N. W. 836; *Mattison* v. *Smith*, 37 Wis. 333.) A judgment taken against "Ada" Edwards does not bind Ma. y Edwards. (*McGill* v. *Weil*, 10 N. Y. S. 246; *Gardner* v. *Kraft*, 52 How. Pr. 499.)

*Massena Bullard*, for Respondents.

PEMBERTON, C. J.—The first question presented by this appeal is as to whether the constable's service of the summons issued by the justice was void. If the service of the summons was void, then it will not be disputed that the judgment of the justice, on which this suit is brought, was and is void also, as well as all proceedings thereunder.

Section 744, Code of Civil Procedure, Compiled Statutes, 1887, in force at the time of the service of the summons in question, and which must govern in the determination of the

case, after prescribing the manner of service of summons on corporations, minors, persons of unsound mind, etc., in sub-division 4 provides for service of summons in cases like the one under discussion, as follows : "In all other cases, by *reading* the same to the defendant *personally*, or by leaving a copy at his place of residence." It is conceded that in this case the constable did not read the summons to the defendant *personally*.

In Brown on Jurisdiction, section 41, page 110, it is said : "When the statute provides the form of service or mode of obtaining it, that mode must be pursued strictly." Statutes prescribing the manner of service are mandatory, not directory. (Wells on Jurisdiction of Courts, § 97; Freeman on Judgments (4th Ed.) § 125.)

In *Robbins* v. *Clemmens*, 41 Ohio St. 285, under a statute requiring service to be made by delivering a copy, service was made by reading the summons to the defendant; the court held the service void, and that a judgment rendered on such service could be attacked collaterally.

In *Newlove* v. *Woodward*, 9 Neb. 502, the court held that "a summons must be served upon a defendant in the mode provided by the statute, in order to give the court jurisdiction, unless the defendant by an appearance waive the defect." To the same effect see *Campau* v. *Fairbanks*, 1 Mich. 152; *Young* v. *Capen*, 7 Mich. 287.

In *Grand Tower* v. *Schirmer*, 64 Ill. 116, the court says : "The officer making the service was bound to pursue the requirements of the statute. He is not invested with power to substitute another and different mode from that pointed out in the statute." See, also, *McCoy* v. *Crawford*, 9 Tex. 353; *Hart* v. *Gray*, 3 Sumn. 339; *Mattison* v. *Smith*, 37 Wis. 333.

In fact the authorities, if not absolutely uniform upon this question, seem to largely and strongly support the view that such service as we are here discussing is void, and that the judgment rendered thereon is necessarily void also. We, at least, have been shown no authority to the contrary by coun-

sel for respondent, nor has our attention in any manner been called to any such authority.

We are, therefore, of the opinion that the constable's service of the summons issued by the justice was void, and gave the justice no jurisdiction of the defendant.

The court permitted the constable to testify in this case that he served the summons issued by the justice upon the defendant by delivering a copy thereof to her personally at the door of her residence. This is assigned as error. We think the action of the court was erroneous. The constable might, we think, have amended his return to show service in compliance with the requirements of the statute—if the facts warranted such amendment—in the justice court, where the original proceedings and judgment were had and entered. But in this suit, commenced in the district court, we do not think it was permissible to prove or show the manner of service in the justice's court by parol testimony. This parol offer of evidence was not an offer or effort to amend a return to conform to the facts, so as to show service in conformity with the statute—if such amendment could have been made in the district court. It was an attempt in one case and court to show by parol evidence that such service of summons was had on a defendant in another case and court as would authorize such other court to render the judgment in controversy. We think the admission of parol evidence to establish such fact was error. (§ 77 Code of Civil Procedure, Compiled Statutes, 1887; *Settlemeier* v. *Sullivan,* 97 U. S. 444; *Botsford* v. *O'Connor,* 57 Ill. 78; *Wellington* v. *Gale,* 13 Mass. 483; *Miller* v. *Plue,* 64 N. W. 232; *Brown* v. *Gaston,* 1 Mont. 57; *Dyas* v. *Keaton,* 3 Mont. 495; *Sawyer* v. *Robertson,* 11 Mont. 416.)

We regard this question as settled by the great weight of authority in accordance with the foregoing view. If there are respectable authorities to the contrary, our attention has not been called to them.

Counsel for appellant concedes that the question of suing the defendant by a wrong christian name in the justice's

court is unimportant, and of itself would be unavailing on this appeal.

The judgment and order appealed from are reversed.

*Reversed.*

DE WITT, J., concurs.   HUNT, J., disqualified.