A. RUDYARD NELSON, APPELLANT, v. ESTHER B. ROBINSON, ALSO KNOWN AS ESTHER B. NELSON, APPELLEE.

46 N. W. 2d 892

Filed March 23, 1951. No. 32919.

*F. J. Reed,* for appellant.

*Atkins, Lyman & Ferguson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff, A. Rudyard Nelson, instituted this action in the district court for Scotts Bluff County against Esther B. Robinson, also known as Esther B. Nelson, to have the court declare and adjudge the marriage between the plaintiff and defendant to be null and void and of no legal effect.

We will hereafter refer to the parties as designated in the district court.

The record discloses that the plaintiff and defendant were married at Bridgeport, Nebraska, on January 7, 1948. They lived together on a ranch and farm owned by the plaintiff's parents until March 22, 1949. No children were born to this union. The plaintiff, through some source not apparent in the record, obtained information to the effect that his marriage to the defendant was illegal in that she had not obtained a legal divorce from her previous husband, Joseph E. Robinson, who was still living.

Pursuant to section 42-119, R. S. 1943, the plaintiff brought this action for the purpose of having his marriage to the defendant adjudged to be null and void and of no legal effect. This section of the statutes provides that when a marriage is supposed to be void, or the validity thereof is doubted, either party may file a petition in the district court of the county where the parties, or one of them, reside, for annulling the same, and such petition or bill shall be filed, and proceedings shall be had thereon, as in the case of a petition or bill

filed in said court for divorce; and upon due proof thereof it shall be declared void by a decree or sentence of nullity.

The record further discloses that the defendant Esther B. Robinson was married to Joseph E. Robinson at Ventura, California, on December 21, 1944. On August 21, 1946, Esther B. Robinson filed suit for divorce in the district court for Scotts Bluff County, Nebraska, against Joseph E. Robinson. The defendant, Joseph E. Robinson, did not waive the issuance and. service of summons, or enter his voluntary appearance in this action.

On March 12, 1947, Esther B. Robinson filed an affidavit in conformity with section 42-305, R. S. 1943. This section provides in part as follows: "* * * personal service out of the state as herein provided for shall not be had without the plaintiff or his or her attorney filing an affidavit showing that the defendant is a nonresident of this state, and that personal service cannot be had on the defendant in this state." While the plaintiff contends that this affidavit is legally insufficient, we conclude from an examination of the same that it meets the requirements of the statute.

The out-state summons is as follows:

"SHERIFF"S OFFICE
LOS ANGELES COUNTY CAL.
1947 MAR 15 AM 10 41
CIVIL DIVISION

"STATE OF NEBRASKA )
) ss
SCOTTS BLUFF COUNTY )

THE STATE OF NEBRASKA

TO THE SHERIFF OF SAID COUNTY, GREETING:

You are hereby commanded to notify Joseph E. Robinson Defendant, that he has been sued by Esther B. Robinson Plaintiff, in the District Court of the Seventeenth Judicial District in and for the County of Scotts Bluff and that unless he answer on or before the 14th day of

April, A. D., 1947, the petition of said Plaintiff filed against him in the Clerk's office of said Court, such petition will be taken as true, and judgment rendered accordingly. You will make due return of this summons on or before Monday, the 24th day of March, A. D., 1947.

Witness my hand and seal of said Court at Gering, Nebraska, this 12th day of March, A. D., 1947.

/s/ C. R. Barton
Clerk of the District Court
By 021348
Deputy

"STATE OF NEBRASKA     )
                       )  ss
SCOTTS BLUFF COUNTY )

I, Mahlon C. Morgan, sheriff in and for said County, and State of Nebraska, do hereby appoint _____ of Los Angeles County, State of California, my agent to serve this writ.

/s/ Mahlon C. Morgan
Sheriff

STATE OF CALIFORNIA     )
                        )  ss
COUNTY OF LOS ANGELES )

H. E. Rodenmayer being first duly sworn deposes and says that he is the identical person who was appointed agent by the sheriff of Scotts Bluff County, State of Nebraska, to serve the within summons, that he served the same upon the within named Joseph E. Robinson on the 23rd day of March, 1947, by delivering to him personally in Los Angeles County, State of California, a true and certified copy of this writ with all endorsements thereon.

/s/ H. E. Rodenmayer"

This was sworn to before a notary public on March 28, 1947.

On April 17, 1947, by judgment and decree filed April

19, 1947, Esther B. Robinson was granted an absolute divorce from Joseph E. Robinson and the custody of the two minor children of the parties by the district court for Scotts Bluff County. There was no appearance made by the defendant.

In the instant case hearing was had before the trial court on March 22, 1950, on the petition of the plaintiff, the answer and cross-petition of the defendant wherein the defendant charged the plaintiff with extreme cruelty and prayed for a divorce, alimony, support money for herself and children, attorney fees, and costs, and on the plaintiff's reply. The only evidence offered and received was in behalf of the plaintiff. No evidence was offered by the defendant. The trial court, making reference to the summons outside of the state and return made thereon in the case of Esther B. Robinson v. Joseph E. Robinson, made the following findings: That there was a lack of appointment and authorization, by name or other designation endorsed on the writ, by the sheriff of Scotts Bluff County, Nebraska, of any person as his agent to serve the same; that said H. E. Rodenmayer, the person making the return on the summons, not having been lawfully appointed so to do, was wholly without power or authority to make a valid service of the summons; that the service as made by him so without authority and on Sunday was and is a nullity, and the court did not acquire jurisdiction to make and enter the decree of divorce in the case of Esther B. Robinson v. Joseph E. Robinson; and decreed that the marriage between the plaintiff, A. Rudyard Nelson, and Esther B. Robinson be declared null and void and to have no legal force or effect.

On March 27, 1950, the trial court made an order to the effect that the same being one of the days of the regular January 30, 1950, term of the court, the court, on its own motion, set aside the order of March 22, 1950, and continued the cause for further hearing. On July 12, 1950, the matter came on for further hearing. No

evidence was taken. The trial court dismissed the plaintiff's petition, granted the defendant an absolute divorce on her cross-petition, made certain allowances for support of the defendant, and entered a judgment for unpaid support money to the date of June 21, 1950, and an allowance for additional attorney fees.

Upon the overruling of the plaintiff's motion for new trial, the plaintiff appeals.

The plaintiff contends the trial court erred in holding and adjudging that the summons served by H. E. Rodenmayer, a person not appointed to serve the same by the sheriff of Scotts Bluff County, Nebraska, as his agent, upon the defendant Joseph E. Robinson in the State of California, was valid.

Section 25-507, R. R. S. 1943, provides: "The summons shall be served by the officer to whom it is directed, who shall endorse on the original writ the time and manner of service. It may also be served by any person not a party to the action, appointed by the officer to whom it is directed. The authority of such person shall be endorsed on the writ. When the writ is served by a person appointed by the officer to whom it is directed, or when the service is made out of this state, the return shall be verified by oath or affirmation."

Section 25-521, R. R. S. 1943, provides: "In all cases where service may be made by publication, and in all other cases where the defendants are nonresidents, and the cause of action arose in the state, suit may be brought in the county where the cause of action arose, and personal service of the summons may be made out of the state by the sheriff or some person appointed by him for that purpose. In all cases where service of a summons is made on a person without the state, proof of such service must be made by affidavit, stating the time and manner of service. Such service shall be made in the same manner as summonses are served on parties residing within this state."

In the case of Republican Valley R. R. Co. v. Sayer,

13 Neb. 280, 13 N. W. 404, the court, in making reference to section 68 of the code which is analogous to section 25-507, R. R. S. 1943, said: "Where a summons in error is directed to the sheriff of a particular county, it cannot be served by a private person unless appointed for that purpose by such sheriff."

In the instant case it will be observed that the sheriff of Scotts Bluff County did not make an appointment of any person in Los Angeles County, State of California, as his agent to serve the writ. The return made by H. E. Rodenmayer discloses that he was not appointed agent by the sheriff of Scotts Bluff County to serve the summons. It is not apparent on the return of the summons whether he is a deputy sheriff in the office of the sheriff of Los Angeles County, California, a private person, or the sheriff.

The instant case is not analogous to the case of Reed v. Good, 114 Neb. 777, 209 N. W. 619. In that case the appointing sheriff in Nebraska appointed the sheriff of Woodbury County, or any deputy sheriff of Woodbury County, of the State of Iowa. This court held that when served by a deputy personally, upon a party to the action, the service was sufficient to meet the requirements of the law. In the instant case such is not the fact.

Statutes authorizing personal service on nonresident defendants out of the state usually provide by whom such service may be made, and service, to be valid, must be made by the person or officer designated. Service outside of the state by a sheriff of a foreign jurisdiction, without appointment by the sheriff of the county in which the suit was brought, as required by statute, is insufficient. See 50 C. J., Process, § 216, p. 544.

Statutes prescribing the manner of service of summons are mandatory and must be strictly pursued. See, Sanford v. Edwards, 19 Mont. 56, 47 P. 212, 61 Am. S. R. 482; Nelson v. Chittenden, 53 Colo. 30, 123 P. 656, Ann. Cas. 1914A 1198; Simonson v. Typer, 285 F. 240; Darling & Co. v. Burchard, 69 N. D. 212, 284 N. W. 856; 50 C. J.,

Process, § 76, p. 482; 21 R. C. L., Process, § 16, p. 1274; 42 Am. Jur., Process, § 46, p. 38.

This state has prescribed the manner of service of process by explicit statutory ' provisions. These provisions are mandatory and must be complied with. The district court for Scotts Bluff County could not, and did not, obtain jurisdiction until the defendant Joseph E. Robinson received notice of the action by the means of process of the kind, and served in the manner, the laws of this state prescribe.

We hold that the service of the summons upon the nonresident defendant, Joseph E. Robinson, did not meet the requirements of the statutes of this state, and was insufficient to confer jurisdiction upon the trial court. The judgment of the trial court in dismissing the plaintiff's petition for the annulment of the marriage between the plaintiff and defendant is reversed, and the cause is remanded with directions to the trial court to enter judgment in conformity with this opinion.

In Willits v. Willits, 76 Neb. 228, 107 N. W. 379, 5 L. R. A. N. S. 767, the court held that in an action to annul a marriage brought by the husband, the wife is entitled to alimony pendente lite and counsel fees, that the marriage was valid until annulled by the court, and that until such time the husband was liable for the expenses of his family. The court also allowed a reasonable attorney's fee for the services of the defendant's attorneys in the Supreme Court. On the authority of the above-cited case, the defendant is entitled to a reasonable allowance for attorney's fees for the services of her attorneys in this court in the amount of $150, to be taxed as costs.

Other assignments of error need not be discussed.

REVERSED AND REMANDED WITH DIRECTIONS.

CHAPPELL, J., dissenting.

YEAGER, J., participating on briefs.