CLIFFORD E. CONNER, APPELLANT, v. DONOVAN E. SOUTHERN ET AL., APPELLEES.

181 N. W. 2d 446

Filed December 4, 1970. No. 37577.

Dan J. Whiteside, for appellant.

Cronin & Shamberg, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The plaintiff appeals from an order dismissing the action after the special appearance of Donovan E. Southern, the defendant, had been sustained. No summons was ever served upon W. J. Smith. A prior appeal from the order sustaining the special appearance was dismissed upon the motion of the defendant.

The petition filed in the district court for Hall County, Nebraska, alleged that the plaintiff was a resident of Nebraska; that the defendants were residents of Ohio; that on February 22, 1967, the plaintiff prepared and executed a contract whereby the plaintiff agreed to erect a steel building for the defendants at Monaca, Pennsylvania; and that the defendants are indebted to the plaintiff on the contract in the amount of $11,250.

A summons was served upon the defendant in Ohio. An affidavit for garnishment was filed and a summons in

garnishment was served upon the Mid-States Grain Company in Hall County, Nebraska. The affidavit alleged that the defendant owned shares of capital stock of the Mid-States Grain Company.

The plaintiff contends that the service upon the defendant in Ohio was valid because service outside the state is now authorized as to a cause of action arising from "transacting any business in this state." §§ 25-536 and 25-537, R. S. Supp., 1969. The record, however, fails to show that the defendant transacted any business in this state. The petition alleges only that the plaintiff prepared and executed the contract in Nebraska. The contract itself called for the work to be done in Pennsylvania. There is no allegation or any proof of any business transacted in Nebraska by the defendant.

The plaintiff acquired no jurisdiction over any property of the defendant because there was a failure to comply with the requirements of section 25-518 and 25-521, R. R. S. 1943. See Nelson v. Robinson, 154 Neb. 64, 46 N. W. 2d 892.

The plaintiff further contends that the defendant has made a general appearance in the action because the special appearance filed in the district court alleged that the petition failed to state a cause of action and because the prior appeal was dismissed upon the motion of the defendant made in this court.

The contract involved in this action was executed by "National Constr., Inc. by W. J. Smith, Vice Pres. & Treas." The petition alleged that there was no such corporation; that the defendant and Smith were partners doing business under the corporate name; that the partnership had been dissolved; and that it owned no property.

The special appearance contained allegations which were directed at the truth of these matters and which would have been proper in a motion to dissolve the garnishment. Allegations which are proper in a motion to dissolve an attachment or garnishment may be

included in a special appearance without making a general appearance. See Insurance Co. of North America v. Kunin, 175 Neb. 260, 121 N. W. 2d 372.

The motion to dismiss the prior appeal was an objection to the jurisdiction of this court. There had been no final order in the district court and there was no basis upon which this court could obtain jurisdiction. The motion was a proper procedural step toward obtaining the final order in the district court to which the defendant was entitled. See Busboom v. Gregory, 179 Neb. 254, 137 N. W. 2d 825. The motion in this court to dismiss the prior appeal was not a general appearance in the action pending in the district court.

The judgment of the district court is affirmed.

AFFIRMED.