**James L. MOHLER and Marilyn L. Mohler, Appellants,**

v.

**DORADO WINGS, INC., d/b/a Crown Air, Appellee.**

Court of Appeals of Kentucky.

Sept. 14, 1984.

Bennett E. Bayer, Gilliam & Buster, Lexington, for appellants.

J. Randall Reinhardt, Lexington, for appellee.

Before COMBS, COOPER and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal from an order of the trial court dismissing an action for lack of jurisdiction. On appeal, the issue is whether the trial court erred, as a matter of law, in so ruling. Reviewing the record below, we reverse and remand.

The facts relative to this action are as follows: In April of 1983, the appellants, James L. Mohler and Marilyn L. Mohler, filed this action against the appellee, Dorado Wings, Inc., d/b/a Crown Air, seeking both compensatory and punitive damages as a result of the loss of jewelry from their luggage while it was being transported on the appellee's airline to the Virgin Islands. Thereafter, the appellants filed an amended complaint to which the appellee filed a motion to dismiss on the basis of lack of jurisdiction. Subsequent to the filing of memoranda and responses thereto, the trial court heard the motion and dismissed the appellants' complaint. It is from such order that they now appeal.

The issue on appeal is whether the trial court erred in ruling that dismissal was required as the result of lack of jurisdiction over the person of the appellee. Kentucky's long-arm statute, KRS 454.-210(2)(a)(1), states as follows, in part:

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:

1. Transacting any business in this Commonwealth; ...

Here, the question is whether the appellee, either directly or through an agent, transacted any business within this Commonwealth. The appellee's contacts with the Commonwealth were as follows: In February of 1982, the appellants purchased airline tickets from Commonwealth Travel Agency in Lexington, Kentucky. The tickets, issued by Delta Airlines, were for a flight from Lexington to Puerto Rico and then on to the Virgin Islands. The carrier for that portion of the flight from Puerto Rico to the Virgin Islands was the appellee. The appellee had a contract with Delta "to provide transportation for Delta passengers to destinations which Delta does not serve." As a result of such contract, Delta, as well as other airlines and travel agencies within the Commonwealth, sold tickets to the Virgin Islands on the appellee's carrier. Admittedly, the appellee has neither assets nor employees within the Commonwealth. Furthermore, it is not incorporated within the Commonwealth or authorized to do business herein. In effect, its only contact with the Commonwealth is through the contract with other airlines which allow their travel agencies to sell tickets aboard its carriers, collect the fares, and transmit the fares—minus a commission—to a settlement bank. That bank, in turn, pays the airlines and the latter then reimburses the appellee. It was on the flight from Puerto Rico to the Virgin Islands that the appellants' jewelry disappeared.

It is a well-settled principle of law that the long-arm statute within this jurisdiction allows Kentucky courts to reach to the full constitutional limits of due process in entertaining jurisdiction over non-resident defendants. *Poyner v. Erma Werke GMBH*, 618 F.2d 1186 (6th Cir.1980). In determining the limits of due process, it is necessary to apply the "minimum contacts" test established by the Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court in *First National Bank of Louisville v. J.W. Brewer Tire Company*, 680 F.2d 1123 (6th Cir.1982), established a

three-prong test for determining such contacts. The test is as follows: (1) has the defendant purposely availed itself of the privilege of acting within the Commonwealth; (2) did the cause of action arise from the defendant's activity; and (3) does there exist a substantial enough connection to the Commonwealth to make jurisdiction over the defendant reasonable? Reviewing the record, as well as the relevant law in other jurisdictions, we find that the three-prong test has been met herein.

Specifically, we find that the decision of the Court in *Vergara v. Aeroflot "Soviet Airlines"*, 390 F.Supp. 1266 (D.Neb.1975), to be dispositive of the issue herein. In that case, the Court held that a Russian airline, sued by Nebraska citizens, was transacting business in Nebraska within the language of the state's long-arm statute. There, the plaintiffs purchased plane tickets in Nebraska through a Nebraska travel agency which was an authorized agent for a domestic airline which, in turn, was authorized by the defendant to collect fees. There, as here, the defendant's only connection with the state seeking jurisdiction was through an agent of another carrier. In Nebraska, the long-arm statute provided, in part, as follows:

(1) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(a) Transacting any business in this state; ...

(2) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

In ruling that jurisdiction was warranted under the statute, the *Vergara* Court stated, in part, as follows:

By affidavit and otherwise, plaintiffs have shown the Court that Pan American World Airways, Inc. is authorized by Aeroflot to issue Aeroflot tickets and to collect the appropriate fare. The Pan Am contract also provides that agents designated by Pan Am may take any action on behalf of defendant which Pan Am itself may undertake. The Pan Am contract specifically establishes that ticket sales may be effected through either Pan Am's offices or the offices of sales agents appointed by Pan Am. Plaintiffs purchased their original tickets through Bock Omaha Travel Agency, an authorized agent of Pan Am. To facilitate the purchase of airline tickets on diverse airlines, air carriers have formed the International Air Transport Association, of which Pan Am is a member. The Association is comprised of numerous carriers which, by issuing a certificate of authority, can authorize a travel agency to issue airline tickets. Under this arrangement, Bock retained a portion of the purchase price of plaintiffs' tickets as commission, and forwarded the remainder to an Area Settlement Bank. The Bank disburses the monies to the appropriate carriers. Significantly, a portion of the travel agent's commission is paid by each carrier. Thus, in this case, Aeroflot paid a pro rata portion of the commission retained by Bock. Approximately once a month, Bock prepares tickets where Aeroflot is designated as one of the carriers. Another Omaha travel agency, Travel & Transport, Inc., prepares approximately one ticket per month involving Aeroflot. Travel Faire, Inc., also an Omaha travel agency, has on occasion prepared tickets involving Aeroflot. The defendant has no offices or employees within Nebraska; however, travel agents are given advertising material.

Against this background of facts, the Court has examined the Nebraska "long arm" statute quoted above. *See*, Comment, 6 Creighton L.Rev. 357 (1973); *General Leisure Products Corp. v. Gleason Corp.*, 331 F.Supp. 278 (D.Neb. 1971); *Blum v. Kawaguchi, Ltd.*, 331 F.Supp. 216 (D.Neb.1971); *Conner v. Southern*, 186 Neb. 164, 181 N.W.2d 446 (1970); *Stucky v. Stucky*, 186 Neb. 636, 185 N.W.2d 656 (1971). These authorities persuade the Court that the Nebraska statute is limited only by the constitutional constraints imposed by the "Mini-

mum contacts rule" of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■ The Court is persuaded by such factors as the express agency agreements, and the payment of a commission, that defendant was transacting business in Nebraska when the plaintiffs purchased their tickets. *Id.* at p. 1270.

■ Although the appellee argues that even if it is determined that it transacted business within the Commonwealth, there must be a determination that it caused some tortious injury in the Commonwealth for the court to acquire jurisdiction. We disagree. The statute does not provide for a two-fold test as to whether a court can acquire long-arm jurisdiction. If a defendant is transacting business within the Commonwealth, it is not necessary that a tort be committed herein. Furthermore, the appellants' amended complaint is founded in both tort and contract. And, the agreement entered into in this Commonwealth—buying the ticket to the Virgin Islands—gave rise to the appellants' cause of action.

In that the appellee solicited business in this Commonwealth by virtue of its agreement with Delta Airlines, it cannot now complain that it is subject to the jurisdiction of the courts in this Commonwealth. Consequently, the order of the trial court dismissing the appellants' action must be vacated.

The order of the trial court is reversed with directions that it vacate its order and reinstate the appellants' cause of action.

All concur.