REQUESTED BY: Rodney W. Smith Antelope County Attorney
QUESTION 1: Does the provision in Neb.Rev.Stat. §2-962 (Reissue 1983) which provides "service of such notice shall be in the same manner of service of summons in a civil action in District Court . . ." encompass all of the methods provided in Neb.Rev.Stat. § 25-501, et seq. in particular, constructive service by publication?
QUESTION 2: Does the provision of Neb.Rev.Stat. § 2-962 Reissue 1983), which provides ". . . or by certified mail to the last know address to be ascertained, if necessary, from the last tax list," imply that service need not be had but rather that the attempt at service is sufficient?
CONCLUSION 1: Yes.
CONCLUSION 2: No.
In your request for an opinion regarding service of process pursuant to Neb.Rev.Stat. § 2-962 (Reissue 1983), you have indicated that the Antelope County Weed Control Authority Superintendent is encountering difficulty with certain individuals refusing to accept the statutory notice by certified mail. To that end, you have inquired whether or not constructive service may be made by publication. It is clear that § 2-962 encompasses all of the methods of service of process provided in Neb.Rev.Stat. § 25-501, et seq., including constructive service by publication to the extent that such constructive service may be had in civil actions in the district court.
Neb.Rev.Stat. § 25-517.02 (1984 Supp.) provides that: Upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute, the court may permit service to be made (1) by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last known address, (2) by publication, or (3) by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard. The critical language in the above quoted section is ". . . service cannot be made with reasonable diligence by any other method provided by statute." It should be noted that constructive service of process by publication is a statutory method for bringing in parties where personal service cannot be had after the exercise of due diligence. The purpose of statutes providing for constructive service by publication is to give defendants notice that an action against them is pending and an opportunity to come to court and make their defense.
However, service of process by publication is in derogation of the common law, and the statutes authorizing such publication are subject to strict construction. Such statutes must be strictly, literally, and fully complied with in order to render such service valid and give the court jurisdiction of the defendant. "Furthermore, the method provided by statute for acquiring jurisdiction by constructive service must not only be strictly followed, but must be followed to the exclusion of any other method not also clearly provided." 72 C.J.S. § 54 and 55. Therefore, constructive service may only be utilized when there is a showing by affidavit that service cannot be made under any other method provided by statute. It would not be sufficient to show that service by certified mail cannot be made. Rather, it would be necessary to show that service could not be made by personal service, residence service, or certified mail service as provided in Neb.Rev.Stat. § 25-505.01 (Reissue 1984). You have also asked whether or not the language in Neb.Rev.Stat. § 2-962 providing for certified mail to the last known address to be ascertained, if necessary, from the last tax list, implies that an attempt at service is sufficient. The answer is in the negative. Neb.Rev.Stat. §25-507.01(2) provides that: "When service is by certified mail, the plaintiff or plaintiff's attorney shall file proof of service within ten days after return of the signed receipt." The Nebraska Supreme Court has addressed the issue of service of process by mail on several occasions.
A statute which authorizes the use of the postal service to notify a defendant that he has been sued in court is strictly construed and it must be specifically observed. The method of transmitting the notice must be one that is reasonably calculated to give the defendant notice of the pending action and an opportunity to be heard in defense. The fundamental requisite of due process of law is the opportunity to be heard. The right to be heard has little reality or value unless one is informed that the matter is pending and he can choose for himself whether to appear or default, acquiesce or contest. . . . Blauvelt v. Beck,162 Neb. 576, 76 N.W.2d 738 (1956). In addressing a similar statute providing for proof of service, the Supreme Court noted that: As stated above, that statute requires among other things that when service is made by mail, "proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.". . . Nowhere in the record is there any evidence of proof of service by a receipt signed by the addressee. Nor is there any showing of other evidence of personal delivery to the addressee "satisfactory to the court." Anderson v. Autocrat Corp., 194 Neb. 278,231 N.W.2d 560 (1975).
Statutes which provide a manner of service of summons upon defendants are mandatory and must be strictly complied with. Additionally, statutes providing for service of process by mail are to be strictly construed and specifically observed. Erdman v. National Indemnity Company, 180 Neb. 133,141 N.W.2d 753 (1966); Nelson v. Robinson, 154 Neb. 64,46 N.W.2d 892 (1951); Wilson v. Smith, 193 Neb. 433,227 N.W.2d 597 (1975). Therefore, it is clear that the language providing for certified mail to the last known address as shown by the last tax list in § 2-962, does not imply that attempted service is sufficient. If service of process by certified mail is to be effective, there must be proof of service within ten days after return of the signed receipt as provided in § 25-507.01.
Very truly yours,
ROBERT M. SPIRE Attorney General
Ruth Anne E. Galter Assistant Attorney General